State v. Gaslin.

STATE OF NEBRASKA, EX REL. MARY J. COVEY, V. WILLIAM GASLIN, JR.

1. **Practice in Supreme Court.** A plaintiff residing at a great distance from the capital of the state employed certain attorneys at the latter place to attend to his case pending in the supreme court, which they neglected to do, without the plaintiff's fault, and the case was dismissed for want of prosecution. *Held,* That the plaintiff was entitled to have the case reinstated.

2. **Bill of Exceptions:** SETTLEMENT. A party seeking a bill of exceptions, who presents the proposed bill to the adverse party or his attorneys for amendment, within the time fixed by law or the order of the court, is entitled to have such bill examined by such adverse party, and amendments thereto proposed, if necessary; and if, instead of such proposed amendments, the bill is returned, on the alleged ground that the time in which to prepare the same had expired, it will be deemed a waiver of objections to the bill itself.

3. ———: ———. The procedure to settle a bill of exceptions as pointed out in *First National Bank v. Bartlett,* 8 Neb., 319, adhered to.

ORIGINAL application for mandamus.

*E. A. Fletcher,* for relator.

*J. M. Stewart,* for respondent.

MAXWELL, J.

This is an application for a mandamus to compel the defendant, as judge of the district court of Franklin county, to sign a bill of exceptions. The petition for a mandamus was filed in this court on the 19th day of January, 1888, and the relator employed a law firm of Lincoln to attend to the case for her. For some cause, which does not clearly appear, that firm failed to prosecute the action, and in April, 1888, on motion of the defendant's attorney, the action was dismissed for want of prosecution. The

attorney of record for the relator thereupon filed an affidavit showing the above facts, and that the relator was not to blame in the premises, and also filed a motion to reinstate the case, which motion, after notice to the defendant, was duly submitted to the court, and as a sufficient excuse is shown for the failure to prosecute the action, the motion to reinstate is sustained. The cause thereupon was submitted to the court on the pleadings and exhibits.

It appears from the record that, on the 11th day of August, 1887, the case of Mary J. Covey against John E. Leet was tried in the district court of Franklin county, and judgment rendered. On the next day court adjourned *sine die.* A few days afterwards the attorney for the plaintiff requested the reporter, by letter, to prepare a transcript of the oral proceedings of the trial. The reporter did not answer his letter for several days, and in the meantime the attorney for the plaintiff asked for an extension of time to forty days from the rising of the court. This extension the judge refused to grant, upon the ground that the showing was insufficient, but he wrote to the attorneys of Leet, asking them to stipulate to an extension of time to forty days. This they did, and sent the stipulation to the attorney for the plaintiff, who also signed the same, and the stipulation is now before us.

On the 16th day of September, 1887, the attorney of the relator presented to Leet's attorneys the proposed bill of exceptions for examination and amendment. This, on the succeeding day, was returned with the following endorsement thereon:

"We herewith return you the draft of the bill of exceptions received from you yesterday in the above entitled cause, and refuse to examine the same. We find, on examination of the court record, that the draft is not presented in time. The time for the presentation of such bill

expired on the fifth day of September, and the draft was not presented to us until September 16th.

"Dated September 17, 1887.

"Respectfully,

"SHEPPARD & BLACK,

"*Atty's for Defendants.*"

The attorney for the plaintiff thereupon served notice upon Leet's attorneys that, on the 26th day of September he would present the bill of exceptions to the defendant at the court-house at Alma, to settle and allow the same. On the day designated the bill was presented to the defendant, who refused to allow and sign the same, because the forty days in which the bill was to be prepared had expired. There is no suggestion that the bill is incomplete or incorrect in any respect, the only question being whether or not it was presented to the defendant for settlement and allowance within the time fixed by law. A similar question was before this court in *First National Bank v. Bartlett*, 8 Neb., 319, and it was held that the statute allows a party excepting fifteen days from the rising of the court in which to prepare and submit to the adverse party a bill of exceptions. If longer time is desired, the court may extend the time, not exceeding forty days from the rising of the court. Within ten days from the expiration of the time fixed by statute or the order of the court for preparing the bill and submitting it to the adverse party, it must be returned to the party seeking the bill, with the proposed amendments, if any. And the party excepting has ten days after the expiration of the time fixed by law for the return of the bill to him in which to present the bill to the judge for his approval and signature. Since that decision was rendered the statute has been changed to allow the judge to extend the time to eighty days in which to prepare and submit to the adverse party a bill of exceptions. Code, sec. 311. In other respects, however, there has been no material change in the law relating to

preparation and amendment of the bill.    The party, there-
fore, seeking the bill may prepare and submit the same to
the adverse party at any time within the period fixed by
the court.    The parties no doubt may waive any of these
formal proceedings and consent to the allowance and sign-
ing of a bill at any time.    If, however, the procedure
pointed out in *First National Bank v. Bartlett, supra*, has
been followed, and the bill duly signed, even within the
time fixed by the court for the preparation of the bill and
the presentation to the adverse party for revision and
amendment, it will be valid; and it will be equally valid
where the statutory steps have been taken, if presented to
the judge at any time within the period fixed by law.
In this case the bill was presented to the attorneys of the
adverse party within forty days from the adjournment of
the court.    They suggested no amendments, but returned
it with the sole objection that it had been received out
of time.    It was the duty of the defendant, therefore,
when he found the bill had been presented within forty
days to the attorneys of the adverse party, who had no
amendments to propose, to have allowed and signed the
bill.    The practice in this state, since the organization of
the state government, has been to extend to the making
up and signing of bills of exceptions the same liberality
of construction that applies to other matters pertaining to
the code.    And under the former statute, which required
bills to be signed during the term at which the trial was
had, courts frequently were adjourned to a future day, and
the judges returned to such counties, generally at a very
considerable expense, for the sole purpose of allowing
and signing bills of exceptions.    The present practice
lessens the labor of the judges very much in the exam-
ination of bills, but the former liberality as to the practice
in signing the same still prevails.

A peremptory writ of mandamus to compel the defend-
ant to sign the bill of exceptions in question is allowed,

but it will probably be unnecessary to serve the writ, and it will be withheld until the further order of the court.

JUDGMENT ACCORDINGLY.

THE other judges concur.