STEPHENS & ROBERTS v. R. A. PATTERSON ET AL.

[FILED MAY 27, 1890.]

**Jury:** RECALL: MISSTATEMENT OF TESTIMONY BY COURT. Where a jury, after retiring for deliberation, disagree as to any part of the testimony, the court on request of the jury may give its recollection as to the testimony on the point of dispute, but it is error for the court to misstate the testimony upon a material fact in issue, to the prejudice of the party complaining.

ERROR to the district court for Boone county. Tried below before TIFFANY, J.

*Miller & Harris,* for plaintiff in error.

*W. M. Robertson,* for Patterson.

*H. F. Rose,* for Callender Bros., cited: Thompson, Trials, secs. 2280, 2292–4 and cases; *Markel v. Moudy,* 11 Neb., 213; *Kersenbrock v. Martin,* 12 Id., 375; *Long v. State,* 23 Id., 50; *Atchison v. State,* 13 Lea [Tenn.], 278; *Shiels v. Stark,* 14 Ga., 432; *Green v. State,* 43 Id., 368; *People v. Perry,* 65 Cal., 568; *Tidwell v. State,* 70 Ala., 33; *Joseph v. Bank,* 17 Kan., 256.

NORVAL, J.

This suit is upon a promissory note given by Callender Brothers, and payable to R. A. Patterson or order. The defendant sold and indorsed the note to the plaintiffs. The defendant was sued as an indorser. His defense, as presented by the answer, is that he sold and delivered the note to the plaintiffs without any indorsement, or agreement to indorse, and that some time after such sale and delivery, and without consideration or prior agreement, he indorsed said note as follows: "R. A. Patterson, without

recourse." The reply was a general denial. There was a trial to a jury, with a verdict and judgment in defendant's favor.

The plaintiffs claim that at the time of the purchase of the note, Patterson agreed to indorse it in blank, and that the indorsement was not then made, having been overlooked. The omission was discovered shortly afterwards, and an effort made to find Patterson, but as he had gone home, it was left until he should come into the plaintiffs' bank again. Some time afterwards the defendant went into the bank when he was requested to indorse the note, which he did, adding the words "without recourse." The plaintiffs insist that they refused to receive it in that way, and that Patterson drew his pen through the words "without recourse." The defendant denies both the agreement to indorse and the striking out of the words. The testimony was of the most conflicting character. The record shows that the jury being unable to agree as to one point in the testimony of Thomas P. Stephens, one of the plaintiffs, came into court and asked to be instructed in regard thereto. In response to this request the court gave this instruction: "Gentlemen of the jury: The testimony upon that point, both of Mr. Stephens and Mr. Thompson, was, that nothing was said directly as to the indorsement of the note at the time it was purchased, but he understood it was to be indorsed, and after Mr. Patterson had left, they discovered it was not indorsed, and Stephens went out after him immediately to get him to indorse it; and that not being able to find him they decided to wait and have him indorse it at the first opportunity." The plaintiffs excepted to the giving of this instruction. It is claimed that it incorrectly stated the testimony of the two witnesses. Whether the instruction contained a correct summary of the testimony upon the point in dispute must be determined upon an examination of the testimony contained in the bill of exceptions.

The plaintiff Thos. P. Stephens on cross-examination testified:

Q. When did you buy the note of Mr. Patterson?

A. The second day of April.

Q. What year?

A. 'Eighty-five, I think.

Q. That was the day you bought the note, was it?

A. Yes, sir.

Q. Was that the time the indorsement was made?

A. No, sir.

Q. You bought the note and paid him for it at that time?

A. Yes, sir, or rather it was a settlement.

Q. It became your property on the 2d day of April, 1885?

A. Yes, sir.

Q. It was with the understanding that he was to make an indorsement?

A. Yes, sir.

The witness further stated on rebuttal that "the agreement was that he was to indorse it and we intended to have him do it the first time he came in."

The witness F. S. Thompson testified that he was present in the bank working on the books at the time of the sale of the note; that while he heard the conversation and knew most of the details of the trade, he did not pay particular attention to what was going on and that he did not hear anything said about the indorsement.

Stephens and Thompson do not state anywhere in their testimony that nothing was said at the time the note was purchased about an indorsement. It will be observed that Stephens testified that the agreement was that the defendant was to indorse the note. The most that can be said of Thompson's testimony is that he did not hear anything said about it. It is apparent that the instruction incorrectly stated the purport of the testimony of the witnesses.

Section 287 of the Code provides that the court may give his recollection of the testimony on a point in dispute. The power thus conferred cannot be exercised arbitrarily. While the court has the right, when requested by the jury, to give his recollection of the testimony of a witness, it must be given substantially as stated by the witness. If the court misstate the testimony upon a material fact in issue in the suit, and the party is prejudiced thereby, it would be sufficient ground for a reversal of the case. The instruction in the case at bar was very injurious to the plaintiffs. They could not maintain their action without proving that the defendant, when the note was bought, agreed to indorse it, for without such an agreement there would be no consideration for the indorsement subsequently made.

For the error in giving of this instruction the judgment of the lower court is reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.