LOUIS SCHIELDS ET AL. V. JOHN A. HORBACH.

FILED APRIL 17, 1894.    No. 6777.

1. **Bill of Exceptions:** ALLOWANCE.  The judge of the district court, who passes upon a preliminary motion in a case, may properly settle a bill of exceptions preserving the evidence introduced upon the hearing of such motion, notwithstanding another judge presided at the trial of the case upon the merits.

2. ———: TIME TO SERVE.  The time for preparing and serving such a bill of exceptions, where no time is given to reduce the exceptions to writing, begins to run from the final adjournment of the term of court at which the decision upon the motion was made, and not from the close of the term at which the final judgment in the case was rendered.

3. ———: TIME TO PRESENT FOR ALLOWANCE: NOTICE: AMENDMENTS.  Where amendments are proposed to a bill of exceptions, the draft of the bill, with the proposed amendments, must be presented to the trial judge within ten days after the return of the same to the party seeking the allowance of the bill, upon five days' notice to the adverse party or his attorney of record of the time and place of such presentation.

4. ———: ———: ———: WAIVER: AMENDMENTS.  When the party suggesting amendments to a bill of exceptions appears before the judge and insists that his amendments be allowed, without making any objections as to the sufficiency of the notice, or that the bill was not submitted to the judge in time, he waives all objections as to the sufficiency of the notice, and as to the time the bill was presented to the judge for his approval and signature.

MOTIONS to quash bills of exceptions.

*Lake, Hamilton & Maxwell,* for the motions.

*John P. Breen, contra.*

NORVAL, C. J.

This was an action brought by defendant in error against Louis Schields to recover certain real estate situate in the city of Omaha. Subsequently Doratha Schields filed a petition of intervention, and was made a party defendant. Horbach obtained a verdict in the district court, to reverse which the defendants prosecute a petition in error to this court.

Two bills of exceptions were settled and allowed, one signed by Judge Ogden, which purports to contain a transcript of the evidence introduced upon the hearing in the court below on the motion of the plaintiff to exclude Edward R. Duffie from participating in the trial of the cause as the attorney for said Doratha Schields; and the other bill of exceptions was settled and allowed by Judge Scott, which purports to contain a transcript of the evidence introduced upon the trial upon the merits. · The case is sub- . mitted to us upon motions to quash both bills of exceptions.

The motion to exclude Edward R. Duffie from appearing as an attorney in the case was sustained at the February, 1893, term of the district court of Douglas county, which term adjourned without day on April 29, 1893; but no time was given by the court for preparing and serving a bill of exceptions. At the same term of court a trial upon the merits was had to a jury, and a verdict returned. A motion for a new trial was filed by the defendants, which was not passed upon until the following May term of the court, which term adjourned *sine die* on July 26, 1893. An order was entered extending the time forty days for reducing the exceptions to writing, and on the 24th day of June, 1893, a second order was made granting an additional forty days in which to prepare and serve a bill of

exceptions in the case.   Both bills of exceptions were served upon counsel for Mr. Horbach on September 2, 1893, and within ten days thereafter were returned to defendants' counsel.   To the one allowed by Judge Scott, amendments were proposed, and to the one containing the evidence upon the hearing of the motion, objection was made to the same being signed and allowed by the judge, for the reason that it was not served upon the plaintiff or his attorney within the time provided by law. ·

The following, among other grounds, are now urged for quashing the bill of exceptions allowed by Judge Ogden:

1. That it was not signed by the judge who presided at the trial of said cause.

2. That the same was not submitted to defendant in error, or his attorneys of record, for examination and amendment within the time fixed by statute.

3. Because said bill of exceptions was not settled and allowed within the statutory time.

The first objection is not well taken.   The order excluding the attorney from appearing in the case was made by Judge Ogden, and the latter could properly settle the bill of exceptions relating to that part of the proceedings, notwithstanding he did not preside at the trial of the case upon the merits.   The statute contemplates that the judge who makes the decision, of which complaint is made, should sign the bill of exceptions, except in cases where the clerk of the district court is authorized to allow and sign the same.   The judge who makes an interlocutory order may properly settle the bill of exceptions containing the evidence upon which such order was based.   The proposed bill was not presented to Judge Ogden for settlement, nor was the same submitted to the defendant in error for examination or amendment, until the expiration of more than four months after the adjournment of the term of court at which the ruling on the motion to exclude the attorney was entered.   The bill, therefore, was neither prepared, served,

nor signed within the time allowed by statute, and the same must be quashed. The time for preparing and serving the bill of exceptions preserving the evidence introduced on the hearing of the motion to exclude the attorney began to run from the final adjournment of the term of court at which such motion was passed upon, and not from the close of the term at which the final judgment was rendered.

Three objections are urged against the bill of exceptions signed by Judge Scott, namely:

1. The bill was not presented to the judge for settlement within ten days after the same had been returned to the attorneys of the plaintiffs in error by the defendant in error with his proposed amendments.

2. Five days' notice was not given the defendant in error of the time when said bill would be presented to the judge for allowance.

3. Said bill of exceptions was not settled within the time provided by law.

The draft of the bill of exceptions we are now considering the defendant in error returned to the plaintiffs in error with six proposed amendments thereto, all of which, excepting one, were conceded and allowed by counsel for plaintiffs in error. Notice was served upon counsel for defendant in error of the time and place the proposed bill would be presented to the trial judge for his signature, which date was eleven days subsequent to the time the draft was returned to the plaintiffs in error; but such notice was given only three days prior to the date fixed for the presentment of the bill to the judge. This was not a compliance with section 311 of the Code. This section makes it the duty of the party seeking the settlement of the bill of exceptions, in case amendments are suggested to the bill by the adverse party, to present the same with the proposed amendments to the trial judge within ten days from the return of the same to the defeated party, and to give the successful party, or his attorney of record, five days'

notice of such presentation for allowance.    The defendant in error, however, has waived the provisions of the statute by appearing before the judge and insisting upon his proposed amendments.    It does not appear that any objection was made to the trial judge that sufficient notice was not given, or that the bill was not presented for settlement within the period prescribed by law. (*Smith v. Kaiser*, 17 Neb., 184; *State v. Gaslin*, 25 Neb., 71; *State v. Gaslin*, 32 Neb., 291.)

The motion to quash the bill of exceptions signed by Judge Ogden is sustained, and the motion to quash the bill allowed by Judge Scott is overruled.

JUDGMENT ACCORDINGLY.