PETER W. ROSE v. LIONEL C. BURR.

FILED JANUARY 4, 1895.     NO. 5708.

1. **Appeal**: MOTION DOCKET: NOTICE OF MOTION: EXCEPTION TO RULING. Where from the journal entry of the hearing of a motion it appears that an exception was noted by a party to the ruling of the court on such motion, it will be presumed that the party was present at the time of the hearing, or represented by counsel.

2. Ruling on Motion to Reinstate Appeal: REVIEW: AP-
PEAL BOND. An appeal was taken to the district court from the
judgment of a justice of the peace. The appellee filed a motion
by which he sought to have the appellant furnish additional ap-
peal bond, which was sustained, and he was allowed a definite
time within which to give such undertaking, but did not do so
within the time allowed, when the appeal was dismissed on mo-
tion of appellee. At a subsequent term of the court appellant
filed a motion, the object of which was to have the appeal re-
instated, and supported the motion by affidavits. *Held*, That
on a consideration of the showing made in such affidavits, in
connection with the facts attending the prior hearings and
orders in the case, the refusal to reinstate the appeal was not an
improper exercise or abuse of the discretion of the court and not
erroneous.

ERROR from the district court of Lancaster county.
Tried below before HALL, J.

*Sawyer, Snell & Frost,* for plaintiff in error, cited : *Berg-
gren v. Berggren,* 24 Neb., 764; *King v. Jackson,* 25
Neb., 466.

*Pound & Burr, contra.*

HARRISON, J.

The defendant in error commenced an action against the
plaintiff in error before a justice of the peace in Lancas-
ter county, in which judgment was rendered in his favor,
from which judgment an appeal was taken to the district
court by the plaintiff in error. The transcript was filed in
the district court July 10, 1891, and the appeal bond, and
other papers in the case, July 30, 1891. It appears that at
this time, of the rules of practice which had been adopted
and were in force in the district court the twenty-first read
as follows: "A motion docket will be furnished for the
use of the bar, and the filing of a motion and the entry in
such docket of notice of the motion or of the hearing of
a demurrer and entering the title of the cause in which it

is filed, with date of entry, together with a brief statement of the object of the motion and the names of the attorneys of record in the cause, for twenty-four hours before the morning of motion day, shall be notice thereof to the opposite party in all cases where a different notice is not required by statute."

In the record is the following copy of an entry of a motion to require the plaintiff in error to furnish additional appeal undertaking:

"Pound & Burr.    Lionel C. Burr ⎫ Motion for additional
                                v.            ⎬ security on appeal
"A. J. Sawyer.    Peter W. Rose. ⎭ bond.

                                        Sustained ⎫
                                        by affida- ⎬ L. C. Burr."
"Filed July 7, 1891.                    vits of ⎭

This motion was heard October 1, 1891, the tenth day of a term of court, the journal entry of the proceedings and order made at the time being as follows: "This cause now comes on to be heard upon the motion of the plaintiff to require the defendant to give additional security on the appeal bond herein, and after due consideration the court sustains said motion, and the said defendant is hereby ordered to give additional security on said appeal bond within twenty days from this date, and that in default thereof this action to stand dismissed, to which the said defendant duly excepts." A copy of a journal entry of what was further done in the case shows that on October 24, 1891, the appeal was dismissed on motion of defendant in error, plaintiff in error having failed and neglected to give additional appeal bond. Nothing further was done in the case until the next term of court, at which time a motion was made by plaintiff in error, the object of which was to obtain a reinstatement of the appeal. This motion was supported by affidavits and upon hearing was overruled. To obtain a review of the action of the district court, by which it refused to reinstate the appeal, this error proceeding has been prosecuted to this court.

It will be remembered that the journal entry of the hearing of the motion to require additional security to be furnished, states that the defendant (plaintiff in error) excepted to the order then made. If he was present by himself or any one of his counsel to note his exceptions, it was sufficient notice of the order entered and what would follow if he failed to comply with the requirements of the order. We have examined and considered the affidavits filed with the motion to set aside the dismissal and again place the appeal on the docket of the court, and when viewed in connection with all the facts and circumstances attendant upon the first hearing and order and further proceedings in the case, we do not think there was any improper exercise or abuse of the discretion of the court in refusing to reinstate the appeal.

AFFIRMED.