HONEY v. CHICAGO, B. & Q. R. CO.

CHICAGO, B. & Q. R. CO. v. HONEY.

(Circuit Court of Appeals, Eighth Circuit. September 20, 1897.)

Nos. 831 and 959.

1. BILL OF EXCEPTIONS—AMENDMENT.
   The allowance of amendments to the bill of exceptions long after the close of the trial term, and after the end of the time for settling the bill as fixed by order of court and stipulation of parties, and after a writ of error has been allowed, and the cause removed to the appellate court, is unauthorized, and the amendments are void.

2. SAME—APPEALABLE ORDERS.
   An order allowing the amendment of the bill of exceptions after the end of the term, and after the date fixed for settling the same and the removal

of the case to the appellate court, is not a final decision such as can be made the subject of a separate suit in error.

**8. APPEAL AND ERROR—DIRECTION OF VERDICT—EVIDENCE IN RECORD.**
In the absence of any showing that the record contains all the evidence, it is impossible to hold that the trial court erred in directing a verdict.

In Error to the Circuit Court of the United States for the Southern District of Iowa.

This was an action at law by W. O. B. Honey against the Chicago, Burlington & Quincy Railroad Company to recover damages for personal injuries. The circuit court directed a verdict for defendant, and entered judgment accordingly. The plaintiff brought the case to this court on error.

James McCabe (C. M. Harl and J. M. Junkin were with him on the brief), for W. O. B. Honey.

H. H. Trimble (J. W. Blythe and Smith McPherson were with him on the brief), for Chicago, B. & Q. R. Co.

Before BREWER, Circuit Justice, SANBORN, Circuit Judge, and RINER, District Judge.

BREWER, Circuit Justice. These two cases—831 and 959—grew out of a single action at law brought by W. O. B. Honey to recover damages for personal injuries. On the trial in the circuit court, the jury, on March 30, 1895, under the instructions of the court, returned a verdict in favor of the defendant, upon which verdict a judgment was duly entered. Time was given for the preparation of a bill of exceptions, which was extended by several stipulations of the parties to June 1, 1896. Before that date the bill was properly settled, signed, and filed. It was regular in form, and complete in all respects, save that it failed to state that it contained all the testimony given on the trial. This was through an oversight of counsel in the preparation of the bill, and not from any omission of the judge or neglect of the clerk. Thereafter, and on July 22, 1896, the transcript was filed in this court, and docketed as case No. 831. On April 7, 1897, on application of the plaintiff in error, and after notice and a hearing, the circuit court ordered that the bill of exceptions be amended by adding the statement that it contained all the evidence. The railroad company sued out a writ of error to reverse this order, and a transcript of the proceedings on this application was thereupon filed in this court, and docketed as case No. 959. It was also filed by the plaintiff in error as an amendment to the record in case No. 831. When these cases were called for argument, several motions were interposed by the railroad company. Without stopping to discuss any subordinate matters of practice, it is enough to say that the amendment of the bill of exceptions made long after the close of the trial term, and after the end of the time for settling the bill as fixed by the order of the court and the stipulation of the parties, and especially after a writ of error had been allowed, and the case removed to this court, was unauthorized and void. Bank v. Eldred, 143 U. S. 293, 298, 12 Sup. Ct. 450. It was not, however, a final decision of the circuit court, such as can be made the subject of a sepa-

rate suit in error in this court. In the absence of any showing that the record contains all the evidence, it is impossible to hold that the trial court erred in directing a verdict. Railway Co. v. Cox, 145 U. S. 593, 606, 12 Sup. Ct. 905; Taylor-Craig Corp. v. Hage, 32 U. S. App. 548, 16 C. C. A. 339, and 69 Fed. 581; Oswego Tp. v. Travelers' Ins. Co., 36 U. S. App. 13, 17 C. C. A. 77, and 70 Fed. 225. Case No. 959 will therefore be dismissed, and in case No. 831 the judgment will be affirmed.