## A. KIBURZ v. JOHN JACOBS, Appellant.

**Contracts.** The fact that a contract for services in training race horses was made upon the erroneous supposition that one of the horses possessed speed qualities, and that upon learning the error

the employer terminated the contract, does not affect his liability thereon.

**Transfer to Different County.** Defendant is not entitled to a transfer of the case to the county to which he has changed his residence, since the service of the notice upon him.

BILL OF EXCEPTIONS: *Filing.* Appellee's motion to strike from the appellant's abstract all that portion of it which must be preserved by a bill of exceptions will be granted where the appellant failed to prepare and submit to the judge for approval a bill of exceptions in time to reach the clerk's office for filing within the time allowed for that purpose.

AMENDED ABSTRACT: *Costs.* Appellant's motion to tax the costs of the transcript on appeal against the appellee, on the ground that his own abstract was full, fair and complete, will be denied where his abstract omitted to give the date of the judgment or the fact that time was allowed for filing a bill of exceptions, and was defective in other·important particulars.

*Appeal from Jones District Court.*—HON. W. P. WOLF, Judge.

SATURDAY, JANUARY 29,.1898.

ACTION to recover for services rendered and expenses incurred under a written contract set out. Defendant answered, joining issues, and setting up a counter-claim, which counter-claim plaintiff denied. Verdict and judgment were rendered in favor of the plaintiff. Defendant appeals.—*Affirmed.*

*Welch & Welch* for appellant.

*Hicks & Ellison* for appellee.

GIVEN, J.—I. Appellee moves to strike from appellant's abstract all that part purporting to set forth the evidence, and objections and rulings thereon, and

also instructions, upon the ground that said matters have not been identified and preserved by bill of exceptions filed within the time fixed by the court. Appellant's abstract does not show when the judgment was rendered, nor that any time was allowed for filing a bill of exceptions; but appellee's additional abstract shows that the judgment was rendered on March 19, 1896; that, by consent, thirty days were allowed to settle and file a bill of exceptions; and that on the first day of May, 1896, defendant filed his bill of exceptions. Appellant files the affidavit of one of his counsel to the effect that within the thirty days he prepared the bill of exceptions, and forwarded the same from Monticello, Iowa, to Judge Wolf, at Tipton, for signature and allowance; that same was duly sent by mail by Judge Wolf to F. O. Ellison, attorney for appellee, at Anamosa, within the thirty days, for his approval. Affiant says: "And the delay in filing said bill was occasioned by said Ellison retaining said bill in his possession, or by being detained or delayed in the mail beyond the said thirty days." He says that Ellison, some time thereafter mailed the bill, without objections, to the clerk, to be filed. Appellant also produces a statement from Judge Wolf, entitled as in the case, June 3, 1896, but which does not appear to have been filed in the district court, in substance as follows: That the bill was prepared and sent to him, was allowed and signed by him, and mailed to F. O. Ellison, attorney for the plaintiff, at Anamosa, within the thirty days, with instructions to notify the judge if the bill was not satisfactory, and, if objected to, to return it, with his objections, and that it was not returned. It is not contended that the bill was filed within the thirty days, nor, indeed, until May 1, 1896; but appellant contends that it was because of the detention of the bill beyond that time by attorney Ellison. Mr. Ellison

makes affidavit that he did not receive the bill of exceptions until the twenty-third day of April, 1896, when he received what purported to be a bill of exceptions, accompanied by a letter from Judge Wolf, which is set out, and which is dated April 21, 1896, and in which Judge Wolf says as follows: "Welch & Welch have sent bill of exceptions for my signature in case of Kiburz vs. Jacobs. I do not remember what entries were made on the docket. I see there is no exception to the judgment of the court or the verdict. As they did not submit the bill to you, I send it, to be delivered to them if you find no objection, and have so written them." Mr. Ellison further says that he had no knowledge that a bill of exceptions had been made until it was received, April 23; that he then observed that the time had expired for filing the same; that, in accordance with the request in the judge's letter, he forwarded the bill to Welch & Welch on the twenty-fourth of April; and that the letter set out is the only communication that he received concerning the bill. It is evident from the date and statements of Judge Wolf's letter that he is mistaken in saying in his statement of June 3, 1896, that the bill of exceptions was allowed and signed by him, and forwarded to Mr. Ellison, within the thirty days; and therefore we must conclude that the failure to file the bill in time was not because of its detention by Mr. Ellison, but because it was not prepared and submitted to the judge for approval in time to reach the clerk's office for filing within the thirty days. Under this state of the record, appellee's motion to strike from the abstract must be sustained.

II.   Before answering, the defendant moved to transfer the case to Blackhawk county, on the ground that he was a resident of that county. This motion was overruled, and of this the appellant complains. The affidavits show that on September 20, 1895, when the original notice was served, defendant's residence was in Jones county, and that

he did not become a resident of Blackhawk county until September 24 or 25, 1895. The motion was properly overruled.

III. The contract sued upon is for services to be rendered by the plaintiff in training, taking care of, and driving certain race horses belonging to the defendant, and for the furnishing of certain assistance and outfit. Defendant filed an amendment to his answer, alleging that, at the time of making the contract, it was mutually supposed by said parties that one of the horses (Cola M.) possessed certain qualities of speed; that the contract was made upon that supposition, and that the mare did not possess said qualities, "and, upon learning the same, defendant terminated said contract." This amendment was stricken, on plaintiff's motion, and of this the appellant complains. We see no reason for the complaint. The amendment was irrelevant and immaterial, and presented no defense to the action upon the contract. All other errors assigned are grounded upon the evidence, instructions, and rulings in taking the evidence; and, as these were not preserved by a bill of exceptions filed in time, the errors cannot be considered.

IV. Appellant moves to tax the costs of the transcript herein to the appellee, on the ground that appellant's abstract was full, fair, and complete, and that appellee's additional abstract contains no matters necessary or material to the determination of the case. As we have seen, appellant's abstract omitted to give the date of the judgment, or the fact that time was allowed for filing a bill of exceptions. An examination of the transcript in connection with this motion discovers that the abstract was defective in other important particulars, and that appellee's denial of its sufficiency is correct. Our examination of the abstracts and transcript leads us to conclude that this motion to tax the costs of the transcript to appellee

should be overruled, and, for the reasons heretofore given, that the judgment of the district court should be AFFIRMED.