STATE OF NEBRASKA, EX REL. WILLIAM MEDLAND, V. CUNNINGHAM R. SCOTT.

FILED FEBRUARY 2, 1898. No. 9538.

1. **Time to Present Bill of Exceptions for Allowance.** When forty days are given to prepare and serve a bill of exceptions, the draft of the bill and proposed amendments are submitted to the trial judge in time, if presented to him within sixty days after

the final adjournment of the term at which the decision was rendered.

2. ———. The third division of the syllabus in *Schields v. Horbach*, 40 Neb. 103, disapproved.

ORIGINAL application for a writ of mandamus to compel the respondent, as one of the judges of the district court of Douglas county, to sign a bill of exceptions. *Writ allowed.*

*Henry W. Pennock*, for relator.

*Connell & Ives*, contra.

NORVAL, J.

This is an original application for a peremptory writ of mandamus to compel the respondent, one of the judges of the district court of Douglas county, to sign and settle a bill of exceptions in a cause tried before him wherein relator was plaintiff and Henry Schlueter and others were defendants. The respondent insists that the proposed bill of exceptions was not presented to him for allowance within the time prescribed by law, and his refusal to allow the bill is placed upon that ground alone. The decree in the cause in which the bill of exceptions is sought was entered at the February term, 1897, of the district court, and which term adjourned *sine die* on April 10, 1897. Forty days from such final adjournment were allowed relator by the court within which to prepare and serve a bill of exceptions. The proposed bill was served upon counsel for the defendants in said cause on May 19, 1897, who returned the same to plaintiff's counsel on the 29th day of the same month with one proposed amendment. On June 4, 1897, relator served notice upon defendants' counsel that on the 9th day of said month the draft of the bill would be submitted to respondent for settlement and allowance, and it was presented to him at the time and place designated in said notice. Whereupon counsel for defendants objected and protested

against the settling of said bill on the ground that it had not been submitted to the respondent within the period fixed by statute.

It will be observed that the proposed bill was not submitted to the respondent for allowance within ten days from the time it had been returned to relator's counsel with the proposed amendment thereto, but was presented to the trial judge within sixty days from the final adjournment of the term at which the decree was rendered. It is argued by counsel for respondent that the law requires a proposed bill of exceptions to be submitted to the trial judge for his signature within ten days from the time the draft is returned to the party seeking the allowance of the bill. *Schields v. Horbach,* 40 Neb. 103, supports this contention, but such holding is in direct conflict with the earlier and later decisions of this court construing section 311 of the Code of Civil Procedure. In *First Nat. Bank v. Bartlett,* 8 Neb. 321, the court says: "The party excepting has fifteen days from the rising of the court in which to reduce his exceptions to writing, and submit the same to the adverse party without an order of the court. If he desires a longer period of time in which to prepare and submit the same to the adverse party, the court may extend the time not to exceed forty days from the rising of the court. In such case, the bill must be submitted to the adverse party within the period prescribed in the order. The adverse party then has ten days in which to propose amendments and return the bill to the party excepting. The party seeking the settlement of the bill has ten days after the time limited for the return of the bill to him, with the proposed amendments, in which to present the same to the judge for his signature, making sixty days in all from the rising of the court. But where a shorter period is fixed upon, when the bill must be prepared and presented to the adverse party for examination and amendment, the twenty days within which the bill must be signed by the judge dates from that period and cannot be extended beyond.  *  *

The design of the law evidently is to allow a fixed period for the presentation of a bill to the adverse party for the proposal of amendments, and for presenting the amended bill to the judge for his approval and signature, being analogous, in that regard, to the return and answer day of a summons." This case has been cited with approval and followed in *Sherwin v. O'Connor*, 23 Neb. 221; *State v. Gaslin*, 25 Neb. 71. Those decisions were not referred to or commented upon in *Schields v. Horbach*, *supra;* and in *Conway v. Grimes*, 46 Neb. 288, the doctrine announced in *First Nat. Bank v. Bartlett* and the cases following it was reaffirmed. My associates are of the opinion that where forty days are allowed to prepare and serve a bill of exceptions, the draft and proposed amendments may be presented to the trial judge for his signature upon proper notice at any time within sixty days from the final adjournment of the term of court at which the decision was rendered, while the writer adheres to the rule stated in the third division of the syllabus in *Schields v. Horbach*, 40 Neb. 103. It follows that the proposed bill was submitted to the respondent within the statutory period, and should be allowed by him as the bill of exceptions in the case. As the respondent was induced to withhold his signature from the bill by reason of the decision in *Schields v. Horbach*, *supra*, the writ will be allowed without costs.

WRIT ALLOWED.