STATE OF NEBRASKA, EX REL. BURNEY J. KENDALL, v. CHARLES T. DICKINSON, JUDGE.

FILED FEBRUARY 23, 1899.  No. 10605.

1. **Bill of Exceptions:** MANDAMUS. A litigant has an absolute legal right to the allowance of a bill of exceptions embracing all the evidence considered on the hearing of an application for an interlocutory order. This right, in a proper case, may be enforced by mandamus.

2. ———: TIME FOR SETTLEMENT. The time for settling a bill of exceptions in such case begins to run from the final adjournment of the term at which the order complained of is made.

ORIGINAL application for mandamus to require respondent to allow and sign a bill of exceptions. *Writ allowed.*

*Albert Swartzlander,* for relator.

*Joel W. West, contra.*

SULLIVAN, J.

This is an original application for a writ of mandamus to require the respondent, who is one of the judges of the district court, to allow and sign a bill of exceptions. After the reversal of the judgment in *Kendall v. Garneau,* 55 Neb. 403, the defendant in that case filed an answer

in the district court containing three separate defenses to the cause of action stated in the petition. The plaintiff moved to strike out the first and second defenses on the ground that they were pleaded in violation of a stipulation of the parties filed in the case before the decision on the demurrer. The motion was presented to the respondent presiding in the district court for Douglas county, and, after a hearing upon evidence, was overruled. The plaintiff excepted to the order of the court and prepared and tendered a draft of a bill of exceptions for settlement and allowance. The correctness of the bill is conceded and the respondent refuses to sign it only because the order denying the motion to strike is not a final order. The order is certainly interlocutory, but the plaintiff is, nevertheless, entitled to a record on which he may hereafter have the ruling of the district court upon the motion reviewed. The time for settling such bill does not begin to run from the close of the term at which the case is finally disposed of, but from the adjournment of the term at which the order is made. Such is the holding in *Schields v. Horbach*, 40 Neb. 103. We do not determine whether all the matters sought to be incorporated in the bill should be so incorporated. It is evident a bill including the stipulation should be allowed, and that the reason assigned by the respondent for refusing to sign the one presented to him is insufficient. The writ is

ALLOWED.