JOHN BARTON ET AL. v. HENRY B. SHULL ET AL.

FILED NOVEMBER 5, 1903.   No. 12,877.

1. **Replevin Undertaking**: EXCEPTIONS TO SURETIES. Under section 189 of the code, exceptions to the sufficiency of sureties upon a replevin undertaking must be taken within twenty-four hours from the time the undertaking is given; the defendant is not entitled to the whole of the day after that on which the undertaking is given in which to except thereto.

2. ———: ———. It seems that such period of twenty-four hours should be held to begin on the expiration of the twenty-four hours from the taking of the property, allowed the plaintiff for the purpose of furnishing the undertaking, although the undertaking may have been given before the expiration of that period.

3. **Waiver of Objections.** Where no exception is taken to the sufficiency of the sureties within the time fixed by section 189 of the code, all objections as to sufficiency are waived; and the question whether the officer acted in good faith in accepting the undertaking becomes immaterial.

4. **Witness**: IMPEACHMENT. In laying the foundation for impeachment of a witness by showing a contradictory statement out of court, the witness may be asked whether in making the statement he did not detail a conversation with a third person, by reason whereof he claimed to remember the fact stated, and, if

he denies the whole, proof may be made, not only of the statement itself, but of the reasons he gave for remembering the fact in controversy.

5. ———: ———. It is not error, in such a case, to exclude testimony of such third person as to the conversation, the conversation itself not being material, but only the fact, if such it was, that the witness in question referred to it as confirming his memory of the fact in dispute.

6. Trial: STATEMENT OF TESTIMONY: EXCEPTIONS. If the trial judge substantially misstates the testimony in giving his recollection thereof under section 287 of the code, it is error; but if he merely fails to make a complete statement, the party who desires that a further or fuller statement be made, being present at the time, should make a request to that effect, and, if he makes no request, a mere general exception to the statement of the trial judge will not suffice.

ERROR to the district court for Saline county: GEORGE W. STUBBS, JUDGE. *Affirmed.*

*George H. Hastings, Addison S. Tibbets, George W. Tibbets, Morey & Anderson,* for plaintiffs in error.

*Fayette I. Foss, Archibald S. Sands, John D. Pope, Ben V. Kohout* and *R. D. Brown, contra.*

POUND, C.

This is a companion case to *Barton v. Shull,* 62 Neb. 570, which had been before the court previously as *Shull v. Barton,* 56 Neb. 716, and 58 Neb. 741. The facts involved are, in general, the same, but in this case the chief controversy is: Whether exceptions to the sufficiency of the sureties upon the replevin undertaking involved herein were taken within the time required by law. In this respect, the cause differs materially from the one which has been considered so fully on former occasions. Seven special findings were returned by the jury, with their general verdict, of which the more material are, that the replevin undertaking was filed before 1 o'clock P. M. of August 7, 1891, that notice of exceptions to the sufficiency of the sureties was given to the coroner at 1

o'clock P. M. of said day, and that said notice was "not served upon the coroner within twenty-four hours after the bond was given." Upon the general verdict, and these special findings, the court rendered judgment for the defendants, and the plaintiffs prosecute error.

The statute (code, sec. 189) provides, among other things, that the defendant in replevin "may, within twenty-four hours from the time the undertaking referred to in the preceding section is given by the plaintiff, give notice to the sheriff that he excepts to the sufficiency of the sureties." It further provides that "if he fail to do so, he must be deemed to have waived all objections to them." The plaintiffs contend that twenty-four hours, in this connection, is to be construed as "one day," and hence, as the law ordinarily considers a day a *punctum temporis,* and will not regard fractions thereof, that they were entitled to the whole of the day after that on which the undertaking was given in which to except thereto. We do not think this point is well taken. Had the statute said "one day," there would be another question. While a day is made up of twenty-four hours, a period of twenty-four hours may include parts of two days. The very fact that the term one day would admit of the construction claimed by plaintiffs, evidently moved the legislature to fix the period clearly at twenty-four hours, so as to prevent a further extension of the time by judicial construction. If we were to adopt counsel's interpretation, then, as the period of twenty-four hours within which the undertaking is to be given must be governed by the same rule, the forty-eight hours prescribed by the statute might become four days, if the property happened to be seized early on the first day. It is argued also, on behalf of plaintiff, that the period of twenty-four hours within which exceptions are to be taken should be held to begin on the expiration of the twenty-four hours from the taking of the property, allowed the plaintiff for the purpose of furnishing the undertaking, although the undertaking may have been given before the expiration of that period. We

are inclined to agree to this interpretation. The period allowed for investigation of and exception to the sureties is very brief, and the defendant in replevin ought to be afforded a fair opportunity to protect himself. He ought not to be asked to live with the officer for twenty-four hours after the property is seized, so as to know the exact instant at which the undertaking is given. There is good warrant in the holdings of this court in analogous cases for beginning the period in which the exceptions are to be taken with the termination of the period allowed for giving the undertaking. *Bazzo v. Wallace,* 16 Neb. 293; *Sherwin & Co. v. O'Connor,* 23 Neb. 221; *State v. Gaslin,* 25 Neb. 71; *Beard v. Ringer,* 41 Neb. 831; *State v. Scott,* 53 Neb. 571. But we do not think the question material in the case at bar. The evidence is undisputed that the property was taken before noon on August 6; according to the coroner, as early as 9 or 10 o'clock. If we allow forty-eight hours from that time, exceptions to the sureties must have been taken at least by noon of August 8, and, as we have seen, the jury found that the notice was not served till 1 o'clock in the afternoon of that day.

One of the questions submitted to the jury was, whether the coroner acted in good faith in accepting the undertaking. Upon this point, the jury found specially in his favor. This finding is complained of as contrary to the evidence. But we see no reason to think that the error, if any, in this finding is prejudicial. No issue of good faith is involved in the case. Where no exception is taken to the sufficiency of the sureties within the time fixed by section 189 of the code, "all objections" as to sufficiency are waived by express provision of the statute. Being waived, all questions as to who they are, what they are worth, and how they came to be taken, are at an end, unless, at least, the defendant in the replevin action can show that he was induced by fraud or misrepresentation not to take exception to them as permitted by law. Hence, it becomes immaterial whether the officer acted in good faith in accepting the undertaking. The parties have

precluded themselves from attacking the sufficiency of the
sureties. So long as that matter is foreclosed, by force of
the statute, we do not think it can be revived merely by
attacking the officer's motives. *People v. Core,* 85 Ill. 248,
is not in point, since, in that case, there were no statutory
provisions placing the burden of investigating the sure-
ties upon the defendant. In this jurisdiction, the statutes
expressly terminate the responsibility of the officer for
sufficiency of the sureties, when all objections are waived
by failure to except or when the sureties justify. Code,
sec. 189.

One of the witnesses for plaintiffs testified that the re-
plevin undertaking was filed in the office of the clerk of
the district court, with the return of the writ, on the after-
noon of August 7. On cross-examination, he was asked
if he had not stated, at a time and place named, and in
the presence of a number of persons named, that it was
filed in the morning of that day, and that an attorney for
the plaintiffs had inquired of him, the next day, when it
had been filed, and, on being told, exhibited great impa-
tience, for the reason that there was no time to serve
exceptions. The witness answered: "I never said any
such thing as to this bond to any one." Afterwards, the
defendants were permitted to show by several witnesses
that the witness made the statement substantially as set
forth in the question. We do not think the matter very
material, since the issue was as to when the undertaking
was given, *i. e.,* delivered to the coroner, not when it was
filed. Section 186 of the code provides that the undertak-
ing shall be returned with the order. Hence, it may have
been given some time before it was filed. But the ques-
tion when this particular undertaking was filed was
treated as material by all parties and not a little con-
flicting testimony was adduced upon the point. In view
of this, we do not think the trial court erred in its rulings.
The answer of the witness to the question which laid the
foundation for impeachment is interpreted by counsel as
merely denying that part of the statement referred to

which relates to the time when the bond was filed, leaving the remainder of the question unanswered. We do not so understand it. Another answer, further along in his testimony, indicates that he claimed whatever statement ·he made was in the course of a conversation with reference to another cause and to other papers. He plainly intended to deny the whole, so far as the case in hand and the instrument involved therein were concerned. We have no doubt that, in laying the foundation for impeachment of a witness by showing a contradictory statement out of court, the witness may be asked whether in making the statement he did not detail a conversation with a third person by reason whereof he claimed to remember the fact stated, and, if he denies the whole, proof may be made not only of the statement itself, but of the reasons he gave for remembering the fact stated. The purpose of the requirement that a foundation be laid in cross-examination is, to be fair to the witness, to allow him an opportunity for reflection and explanation. Consequently, it is said that the attention of the witness must be "particularly directed to the circumstances:" *The Charles Morgan,* 115 U. S. 69. There is no better and fairer way of doing this than by putting to the witness the whole of what he is claimed to have said, including the reasons he is claimed to have given for making his alleged statement. The statement of the fact and of the reasons for remembering it are, in substance, one statement, and no good ground can be given for excluding an important portion, which, from its circumstantial character, must often be the most convincing. Complaint is made, further, that the court, after receiving the impeaching testimony, would not permit the attorney referred to to deny that the occurrence, said to have been narrated by the witness, took place. This was clearly right. The question was not what, if anything, took place between the witness and the attorney on August 8, but what the witness said with reference to it, afterwards, as confirming his memory with reference to the time when the instrument was filed. The conversation

itself between the attorney and the witness was immaterial.

Finally, error is assigned upon a statement of recollection of the testimony, made by the trial judge after the jury had been deliberating for some time, under the provisions of section 287 of the code. It is not claimed that the trial judge in giving his recollection misstated the evidence, or that he did not answer the question propounded to him by one of the jurors. But it is urged that he should have gone further, and that, in addition to stating the testimony showing that the undertaking was given prior to one o'clock of August 7, which the juror asked for, he should have stated the evidence tending to show that it was given after that hour, which was not asked for. The practice of stating portions of the evidence to the jury after they have been deliberating, while sanctioned by section 287 of the code, is fraught with some danger to a fair trial, and ought to be indulged in with caution. But the trial judge is in the best position to know when it is required and how his statutory power may best be exercised in particular cases. He should not be hampered unduly. Probably the wisest course is to leave the matter largely to his discretion, reviewing his action only for abuse thereof. *Bonawitz v. De Kalb,* 2 Neb. (Unof.) 534. If he misstates the testimony, substantially, in giving his recollection, there is clearly error. *Stephens & Roberts v. Patterson,* 29 Neb. 697. But if he merely fails to make a complete statement, we think the party who desires that a further or fuller statement be made, being present at the time, should make a request to that effect; and if he makes no request, a mere general exception to the statement of the trial judge will not suffice. *Miller v. Royal Flint Glass Works,* 172 Pa. St. 70, 33 Atl. 350. This is the rule which is applied to instructions, and it is founded in good sense and fairness to the court. The record discloses that the plaintiffs took an exception. Hence they are presumed to have been present. *Rose v. Burr,* 43 Neb. 358. They should have

asked the judge to state his recollection of any further testimony to which they thought it necessary to direct the attention of the jury.

We recommend that the judgment be affirmed.

DUFFIE, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.