VAN WHY v. SOUTHERN PAC. CO. et al.

No. 1730.  Decided August 3, 1906.  (86 Pac. 485).

EXCEPTIONS, BILL OF—SETTLEMENT—FAILURE TO COMPLY WITH STATUTE —EFFECT.—Revised Statutes 1898, section 3286, as amended by Laws 1905, p. 7, c. 7, provides that within ten days after the service of a proposed bill of exceptions and the amendments of the adverse party the bill must be presented by the party seeking its settlement to the judge upon five days' notice to the adverse party, or be delivered to the clerk, and that, when received by the clerk, he must deliver it to the judge, who must designate the time at which the bill will be settled, and that the clerk must notify the parties of such designation. *Held,* that where a bill is presented to the judge and no notice given to the adverse party, or where it is delivered to the clerk and no time designated at which the bill will be settled, and no notice given the adverse party of any designation as to time of settlement, and the proposed bill is not presented or delivered with amendments within the required ten days, a motion on appeal to strike the bill will be sustained.[1]

APPEAL from District Court, Weber County; J. A. Howell, Judge.

Action by Ella C. Van Why, as administratrix of the estate of John C. Van Why, deceased, against the Southern Pacific Company and another. From a judgment in favor of plaintiff, defendants appeal. On motion to strike a pretended bill of exceptions from the record.

---

[1] Butler v. Lamson, 29 Utah 439, 82 Pac. 473.

MOTION SUSTAINED, AND JUDGMENT AFFIRMED.

*P. L. Williams, Geo. H. Smith* and *John G. Willis* for appellants.

*Joseph Chez* and *A. W. Agee* for respondent.

RESPONDENT'S POINTS.

The court was therefore, without jurisdiction or authority to settle or allow the bill. (*Butler v. Lamson* [Utah], 82 Pac. 473.).

The statute is peremptory and unambiguous and requires the bill to be presented within ten days after its return to the party seeking the settlement, and if not presented within that time, no extension of time having been given, the bill must be stricken out and disregarded by the appellate court, on motion. (*Shields v. Harbach*, 40 Neb. 103; *Burns v. Napton*, 26 Mont. 360, 68 Pac. 17; *Henry v. Maguire*, 106 Cal. 143, 29 Pac. 599; *Connor v. Road*, 101 Cal. 429, 35 Pac. 990; *Tregambo v. Mining Co.*, 57 Cal. 501-503; *Wills v. Ren Kong*, 70 Cal. 548, 11 Pac. 780; *Sutherland v. Putnam*, [Ariz.], 24 Pac. 320; *Newmark v. Marks*, [Ariz.], 28 Pac. 960; *Lydon v. Piper*, [Idaho], 51 Pac. 101; *McKay v. Railway Co.* [Mont.], 31 Pac. 999; *Kilburz v. Jacobs*, 104 Ia. 580, 73 N. W. 1069; *McCarty v. Watrons*, 69 Ia. 260, 11 N. W. 586; *Fecheimer v. Traunstein*, 12 Colo. 282, 20 Pac. 704; *Gaston v. State* [Ala.], 7 So. 240; *Powell v. Sturtevant* [Ala.], 4 So. 718; *Powell v. Sturtevant*, 85 Ala. 243, 4 So. 718; *Wishmer v. State*, 110 Ind. 523, 11 N. E. 291; *Rigler v. Rigler*, 120 Ind. 431, 22 N. E. 776.)

The time within which the bill and amendments must have been presented having passed, the district court was *functus officio*. (*Morgan v. Thompson*, 13 Oregon 230, 9 Pac. 564.)

And was without jurisdiction. (*Naylor v. Berry* [Kan.], 81 Pac. 473; *In re Deadwood v. Newton*, 2 Dak. 149, 3 N. W. 329; *Lumber Co. v. Pemington*, 6 Dak. 215, 11 N. W. 497-499; *McGillicuddy v. Morris*, 7 S. D. 65, 65 N. W. 14;

*Webster v. Cunningham,* 101 Mo. 642, 14 S. W. 625; *State v. Hill,* 98 Mo. 510, 12 S. W. 340; *State v. Mayors,* 99 Mo. 602, 13 S. W. 88; *Fick v. Crook,* 27 Colo. 429, 62 Pac. 196; *Rice v. West* [Okla.], 33 Pac. 706; *Mfg. Co. v. Kinney,* 51 Minn. 337, 53 N. W. 643; *Willard City v. Woodlawn,* 7 Utah 192; *Keyes v. Kennedy,* 109 Mo. 644, 83 S. W. 539.)

Where, as in this case, the bill appears not to have been presented within the time required by law, the appellate court should *sponte sua,* disregard it. (*Railroad v. Sexton* [N. M.], 6 Pac. 206.)

The proceedings for settling a bill of exceptions after the term, are purely statutory, and it must appear affirmatively on the face of the bill, that the statute has been complied with. (3 Cyc. 28, and note 30; Id., 29, and note 31; 2 Spelling, New Trial and Appellate Proc., 617; *Sutherland v. Putnam,* [Ariz.], 24 Pac. 320.)

"If a statute absolutely fixes a time within which an act may be done, it is peremptory, and the act cannot be done at any other time unless during the existence of the prescribed time, it has been extended by an order made for that purpose under authority of law." (*Henry v. Maguire,* 106 Cal. 142, 39 Pac. 599; *Tregambo v. Mining Co.,* 57 Cal. 501-503.)

STRAUP, J.

In this case a motion is made by the respondent to strike from the record the pretended bill of exceptions on the grounds that it was presented and settled without notice to her, and because it was not presented or delivered for settlement within the time prescribed by the statute. The statute (section 3286, Rev. St. 1898, as amended by chapter 7, p. 7, Laws 1905) provides that a party desiring to have a bill of exceptions settled shall, within thirty days after entry of judgment or service of notice of the determination of a motion for a new trial, prepare a draft of a bill and serve the same, or a copy thereof, upon the adverse party. "Within ten days after such service the adverse party may propose amendments thereto, and serve the same, or a copy thereof,

31 Utah—2.

upon the other party. The proposed bill and amendments must, within ten days thereafter, be presented by the party seeking the settlement of the bill to the judge who tried or heard the case, upon five days' notice to the adverse party, or be delivered to the clerk of the court for the judge. When received by the clerk, he must immediately deliver them to the judge, if he be in the county; if he be absent from the county, and either party desires the papers to be forwarded to the judge, the clerk must, upon notice in writing from such party, immediately forward them by mail or other safe channel; if not thus forwarded, the clerk must deliver them to the judge immediately after his return to the county. When received from the clerk, the judge must designate the time at which he he will settle the bill, and the clerk must immediately notify the parties of such designation. At the time designated, the judge must settle the bill. If no amendments are served, or if served are allowed, the proposed bill may be presented, with the amendments, if any, to the judge for settlement, without notice to the adverse party."

The appellant in due time prepared and served upon respondent's attorneys its proposed bill on the 3d day of November, 1905. Within ten days thereafter, and on the 13th day of November, her attorneys returned it together with proposed amendments to appellant's attorneys, which return and service were duly acknowledged by them on that day. The appellant did not adopt nor agree to the amendments, but disallowed them, and through its attorneys and over their signatures made the indorsement on the proposed bill that "on this 28th day of November, 1905, and within the time allowed by law therefor, and the amendments proposed by plaintiff having been disallowed, the defendant presents this its bill of exceptions," and prayed that it be allowed, settled and signed. On the 5th day of December, appellant's draft as prepared and proposed by it, without the amendments was allowed, settled, and signed by the judge as and for the bill of exceptions. No notice of the presentation of settlement of appellant's proposed bill was given to or served upon respondent or her attorneys. Nothing is made to appear that any ruling

was made by the judge or the court with respect to respondent's proposed amendments, or that the appellant even presented or delivered them. There is no file mark or indorsement on the bill, nor is there anything else, to indicate whether the proposed bill was presented to the judge, or delivered to the clerk for him; nor is it clear whether the bill was presented on the 28th day of November, or on the 5th day of December, the day the bill was settled and signed. If presented on the 28th day of November, fifteen days, and if on the 5th of December, twenty-three days, elapsed from the time of the return of the proposed bill and the service of amendments until the time of its presentation and, in either event, it was more than the ten days provided by the statute; and it is not made to appear that the time for the presentation or settlement of the bill had been extended.

The statute in very plain terms requires that, if amendments are not agreed to, the party seeking the settlement of the bill must, unless the time be enlarged, within ten days after service of the amendments, present the proposed bill and amendments to the judge, upon five days' notice to the adverse party, or within the ten days, unless the time be enlarged, he must deliver them to the clerk for the judge, and when received by the judge from the clerk, he must designate the time at which he will settle the bill, and the clerk must immediately notify the parties of such designation. This statute was not complied with. If it shall be considered that the proposed bill was presented to the judge, no notice of any kind was given to the adverse party; if delivered to the clerk for the judge, no time was designated at which the bill would be settled, nor was there any notice given the adverse party, of any designation as to time of settlement; and in neither event was the proposed bill presented or delivered within the ten days. The motion to strike the pretended bill must therefore be sustained. Cases under identical or similar statutes are numerous supporting this conclusion. (*Burns v. Napton,* 26 Mont. 360, 68 Pac. 17; *Henry v. Maguire,* 106 Cal. 143, 39 Pac. 599; *Tregambo v. Mining Co.,* 57 Cal. 501; *Fecheimer v. Trounstieine,* 12 Colo. 282, 20 Pac. 704;

*Fick v. Cook,* 27 Colo. 429, 62 Pac. 196, 832; *Morgan v. Thompson,* 13 Or. 230, 9 Pac. 564; *Van Brunt Mfg. Co. v. Kinney,* 51 Minn. 337, 53 N. W. 643; *Naylor v. Beery* [Kan.], 81 Pac. 473; *Kiburz v. Jacobs,* 104 Iowa 580, 73 N. W. 1069; *Lydon v. Piper,* 5 Idaho 541, 51 Pac. 101; *Shields v. Harbach,* 40 Neb. 103, 58 N. W. 720; *Texas, etc., R. Co. v. Sexton* [N. M.], 6 Pac. 206; *Butter et al. v. Lamson,* 29 Utah 439, 82 Pac. 473; *Mich. Ins. Bank v. Eldred,* 143 U. S. 293, 12 Sup. Ct. 450, 36 L. Ed. 162; *Honey v. Railroad,* 82 Fed. 773, 27 C. C. A. 262.)

As the assignments of error present no question other than is required to be shown by a bill of exceptions, an affirmance of the judgment necessarily follows. The order, therefore, is that the judgment of the court below be affirmed, with costs.

BARTCH, C. J., and McCARTY, J., concur.