## IN THE MATTER OF THE APPLICATION OF YOUNG CHOW YEE FOR A WRIT OF HABEAS CORPUS.

### April 18, 1913.

1. *Impeachment of witnesses—Use of impeaching statements not referred to in trial as affecting regularity of proceedings and jurisdiction of District Court in habeas corpus:* At the hearing of the question of a person's right to land in the United States, claiming to be an American citizen by birth, two of his witnesses had previously given testimony in another case which the acting inspector in charge considered contradictory to the testimony they gave at the hearing, but which was not referred to at the hearing, but was examined privately afterwards by him. Upon this and the other testimony taken, the inspector ordered the deportation of such person. *Held*, on habeas corpus proceedings, that the use of such alleged contradictory testimony without giving such two witnesses an opportunity of meeting

and explaining it, was irregular and deprived the person claiming the right to land of the fair and lawful hearing to which he was entitled, and gave jurisdiction of the case on its merits to the District Court.

2. *Rehearing of case before inspector—Authority of District Court having acquired jurisdiction:* A court in habeas corpus proceedings is without authority to order a rehearing before the inspector of an issue involving a person's right to land in the United States, but if it has acquired jurisdiction of the case on its merits, it may, in case the applicant had not established his right to land before the inspector, try such issue and allow the parties to introduce further testimony.

*Habeas Corpus:* Traverse to return.

*G. A. Davis* and *A. L. C. Atkinson* for petitioner.
*C. C. Bitting,* Assistant U. S. Attorney, for respondent.

DOLE, J.   This is an application for a writ of habeas corpus on the ground that the applicant is a citizen of the United States, born in the Hawaiian Islands in August 1891, and is refused landing at the port of Honolulu and ordered to be deported upon a hearing before the acting inspector in charge at such port, which the applicant alleges was not a bona fide hearing but was conducted in an illegal and improper manner, and that the order of deportation was made without authority of law and in excess of the jurisdiction of such acting inspector in charge.   The writ was issued and the acting inspector filed his return which was traversed by the petitioner upon substantially the same grounds as those alleged in the petition.   Upon the allegations of the traverse, a hearing was had, and the acting inspector in charge, Harry B. Brown, and the petitioner, Young Chow Yee, examined.

[1] It appeared from the examination of Mr. Brown that after the hearing before him as acting inspector was over,— two days afterward in fact, he referred to the record of testimony of two of the witnesses, i. e., Young Kuen (or Quan)

Shoon and Leong Hoy Ting, taken in 1910 in another case, and found it, in his opinion, to be contradictory to the testimony which they have given in this case. No reference was made to this contradictory testimony at the hearing, and no opportunity given to the said two witnesses whose testimony was thus sought to be impeached to meet and explain the same in view of their present testimony. Under the universally accepted rule in common law countries, such impeaching testimony may not be even introduced at a hearing without first informing the witness whose testimony it is intended to impeach, of the circumstances under which the impeaching declarations were made and giving him full opportunity of explanation, denial or admission. In this case no attempt was made to introduce the impeaching evidence, but it was privately referred to after the case was closed and the witnesses had departed; and upon it and the testimony taken in the case the petitioner was denied a landing.

"The rule is well settled in England, that a witness cannot be impeached by showing that he had made contradictory statements from those sworn to, unless on his examination he was asked whether he had not made such statements to the individuals by whom the proof was expected to be given. This rule is founded upon common sense, and is essential to protect the character of a witness. His memory is refreshed by the necessary inquiries, which enables him to explain the statements referred to, and show they were made under a mistake, or that there was no discrepancy between them and his testimony." Conrad v. Griffey, 57 U. S. 38, 46; The Charles Morgan, 115 U. S. 69, 77; Mattox v. United States, 156 U. S. 237, 246; Barton v. Shull, 70 Neb. 324, 329.

[2] Under this showing the petitioner has not received the benefit of a fair and lawful hearing to which he was entitled. The Japanese Immigrant Case, 189 U. S. 88, 101. Although the Secretary of Labor has authority to order a rehearing, when circumstances justify such action (Id., 102),

I am not aware that this court has any such power.    As the petitioner, however, has not as yet established his right to enter the country, and as, under the above showing, the matter is now under the jurisdiction of this court, it would appear that the matter is before this court to try upon its merits and to take such additional testimony as the parties may wish to present.    *Chin Yow v. United States*, 208 U. S. 8, 13.

The case may therefore be continued to such time as may be arranged between the parties for a further hearing.