BURNS, Plaintiff, *v.* NAPTON, Judge, Defendant.

(No. 1,694.)

(Submitted January 27, 1902.   Decided March 10, 1902.)

*Bill of Exceptions—Settlement.*

Where a proposed bill of exceptions and amendments proposed by the adverse party, but not adopted, were neither presented to the judge within ten

days after the proposed amendments were served, nor delivered to the clerk for him within that time, as Code of Civil Procedure, Sec. 1155, requires, the court properly refused to settle the bill, the time not having been extended, and no excuse for the delay being shown.

MANDAMUS by Felix Burns against Welling Napton, judge of the Third judicial district. Alternative writ quashed, and proceeding dismissed.

*Mr. C. M. Parr*, for Plaintiff.

*Mr. Geo. B. Winston*, for Defendant.

MR. JUSTICE PIGOTT delivered the opinion of the court.

*Mandamus.* Original. This is a proceeding in *mandamus.* Upon application of the plaintiff an alternative writ was issued commanding the defendant, as judge of the district court of Powell county, to settle and sign a bill of exceptions in the, case of *Burns v. Kelly et al.,* or show cause why he did not do so. The defendant answered, and the cause has been submitted upon the application and answer. On these the plaintiff demands a peremptory writ. We have not had the benefit of any argument, oral or written, in behalf of the defendant.

So far as it is deemed necessary to state them, the facts are these: On May 8, 1901, judgment against the plaintiff was entered in *Burns* v. *Kelly et al.* On May 9 the plaintiff perfected an appeal from the judgment. On May 15 the parties to that action stipulated in writing that the plaintiff should have twenty days' additional itme within which to "prepare, serve and file statement on appeal." On June 3 the plaintiff served on the defendants a draft of his proposed bill of exceptions, and on June 4 delivered it to the clerk of the district court. On June 11 the defendants served on the plaintiff their proposed amendments, expressly reserving the right to object upon several grounds to the settlement of the bill. On June 14 the plaintiff served notice that the proposed amendments would not be adopted. The plaintiff did not within ten days after the service of the amendments, either present the proposed bill and

amendments to the judge or deliver them to the clerk for the judge. On June 25,—fourteen days after the amendments were served,—counsel for the plaintiff notified the defendants by letter that he had written to the "judge asking if he will settle the bill of exceptions in the case of *Burns* v. *Kelly et al.*" on July 1. The matter of the settlement coming on to be heard on July 1, the defendants objected to a settlement upon many grounds, one being that the plaintiff did not within ten days after service of the proposed amendments present the bill and amendments to the judge upon five days' notice to the defendants, nor deliver them to the clerk for the judge within ten days after the service of the amendments. The judge sustained the objections and refused to settle the bill.

Section 1155 of the Code of Civil Procedure provides: "When a party desires to have exceptions taken at a trial settled in a bill of exceptions, he may, within ten days after the entry of judgment, if the action was tried with a jury, or after receiving notice of the entry of judgment, if the action were tried without a jury, or such further time as the court in which the action was pending, or a judge thereof, may allow, prepare the draft of a bill, and serve the same, or a copy thereof, upon the adverse party. Such draft must contain all the exceptions taken upon which the party relies. Within ten days after such service the adverse party may propose amendments thereto and serve the same, or a copy thereof, upon the other party. The proposed bill and amendments must, within ten days thereafter be presented by the party seeking the settlement of the bill, to the judge who tried or heard the case, upon five days' notice to the adverse party, or be delivered to the clerk of the court, or judge. When received by the clerk he must immediately deliver them to the judge, if he be in the county; if he be absent from the county, and either party desire the papers to be forwarded to the judge, the clerk must, upon notice in writing of such parties, immediately forward them by mail, or other safe channel; if not thus forwarded, the clerk must deliver them to the judge immediately after his return to the county. When

received from the clerk, the judge must designate the time at which he will settle the bill, and the clerk must immediately notify the parties of such designation.   *   *   *   If no amendments are served, or if served are allowed, the proposed bill may be presented, with the amendments, if any, to the judge or referee, for settlement without notice to the adverse party. *   *   *"

It is the settled law in this jurisdiction that the party seeking the settlement of a bill where all the amendments are adopted by him, has a reasonable time within which to present the bill and amendments for settlement and is not limited to the ten day period prescribed for cases where amendments are rejected. (*Woodard* v. *Webster,* 20 Mont. 279, 50 Pac. 791.) If, however, the amendments are not agreed to, the party seeking settlement must, unless the time be enlarged or sufficient excuse for delay be shown, do one of two things within ten days after the service of the proposed amendments: First, he must present the proposed bill and amendments—not one, but both— to the judge upon five days' notice to the adverse party; or, secondly, he must deliver the proposed bill and amendments— not one, but both—to the clerk of the court for the judge. Such is the plain language and meaning of Section 1155, *supra.* In the case at bar the plaintiff neither presented the proposed bill and amendments to the judge (on notice or without notice) nor delivered them to the clerk within ten days after June 11, which was the day on which the amendments were served. We remark, in passing, that if the delivery of the proposed statement on June 4, had been followed by a delivery of the proposed amendments within the ten days succeeding the service of them, with the avowed intention on the part of the plaintiff to leave both the statement and amendments for the judge, the statute might have been satisfied in the respect mentioned; the delivery of the amendments to the clerk for the judge would doubtless be tantamount to a new delivery of the statement. It does not appear that the plaintiff ever delivered the amendments to the clerk. It does not appear that there was any extension

of time agreed upon between the parties or granted by the court; nor did the plaintiff offer any excuse for his omission. It was therefore not the duty of the judge, the defendants objecting, to settle the bill proposed. It is hardly needful to cite cases in support of this conclusion; there are many such: *Harding* v. *McLaughlin,* 23 Montana Reports, at page 336, 58 Pacific Reporter, at page 865; *Henry* v. *Merguire,* 106 California Reports, 142, 39 Pacific Reporter, 599; *Connor* v. *Southern California Motor Road Co.,* 101 California Reports, 429, 35 Pacific Reporter, 990; *Tregambo* v. *Comanche M. & M. Co.,* 57 California Reports, 501; *Higgins* v. *Mahoney,* 50 California Reports, 444.

In the consideration of this case we have assumed that the stipulation of May 15 with respect to the preparation and service of a "statement on appeal" was sufficient to authorize the service of the proposed bill of exceptions, and that the letter of June 25 was, in form, sufficient notice of an intended presentation of the bill and amendments for settlement. These questions we do not decide but expressly reserve, the determination of either being unnecessary.

The alternative writ of mandate is quashed and the proceeding is dismissed.

*Dismissed.*