STATE EX REL. STROMBERG-MULLINS CO., RELATOR,
    *v.* DISTRICT COURT OF THE SECOND JU-   .
        DICIAL DISTRICT ET AL., RESPONDENTS.

| 28 | 123 |
| 28 | 445 |
| 28 | 123 |
| 30 | 35 |

(No. 1,932.)

(Submitted April 13, 1903.   Decided May 4, 1903.)

*New Trial—Statutory Provisions—Noncompliance — Effect—*
*Statement — Settlement—Loss of Right—Revivor—Amend-*
*ments—Acceptance—Notice—Mandamus.*

1.  Since a motion for a new trial is a statutory remedy, in order to success-
    fully invoke it, the mode pointed out by the statute must be pursued.
2.  Under Code of Civil Procedure, Section 1173, Subdivision 3, providing that,
    where amendments to a statement of the case for a new trial are not
    adopted, the proposed statements and amendments shall be presented to
    the judge by the movant within ten days, on five days' notice to the ad-
    verse party, or delivered to the clerk for the judge, where movant notified
    his adversary that the statement would be presented to the judge for set-
    tlement at a certain time, and at the time appointed failed to appear, and
    did not present the statement to the judge or leave it with the clerk, or
    then and there adopt the amendments of the adverse party, it lost its
    right to have the statement settled at all.
3.  The right could not be revived by a subsequent adoption of the adverse
    party's amendments.
4.  A motion filed with the clerk for the settlement of a statement on motion
    for new trial, reciting the acceptance of the adverse party's amendments
    to the statement, but not called to such adverse party's attention, is not
    notice to him of such acceptance.
5.  Under the provisions of the Code of Civil Procedure, it is the duty of the
    judge to settle statements and bills of exceptions, and for this purpose they
    must be presented to him, and not to the court as such.  *Quaere:* Whether
    in a proceeding for a writ of *mandamus* to compel a district judge to settle
    a statement it is proper practice to make the court a party to the pro-
    ceeding?

ORIGINAL application for writ of *mandamus* by the state, on
the relation of the Stromberg-Mullins Company, against the
Second Judicial District Court in and for the county of Silver
Bow, and William Clancy, a judge thereof.   On motion to
quash.   Motion granted.

*Messrs. Kirk & Clinton,* for Relator.

*Mr. J. E. Healy,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Original application for a writ of *mandamus* to compel William Clancy, as judge of the Second judicial district court, to settle a statement on motion for a new trial. On application to this court an alternative writ was issued, directing the defendant judge to settle the statement or show cause why he had not done so. He appeared by motion to quash the writ, and also by answer. After argument, the question of law arising upon the record was submitted.

There is no material controversy as to the facts. So far as they are necessary to be stated, they are the following: The cause of *Harrington* v. *Stromberg-Mullins Company,* a corporation, was tried in the district court of Silver Bow county on December 8, 1902, the defendant judge presiding. The plaintiff had verdict, and a judgment was rendered thereon. On December 10th the relator, through its counsel, served and filed its notice of intention to move for a new trial, and on the same day obtained an order granting it 'thirty days' additional time in which to prepare and serve its statement. The statement was served on counsel for the plaintiff in the case on January 17, 1903. Counsel proposed various amendments to the statement on January 20th. On January 21st he was served with notice that certain of the amendments had been adopted, but that others of them had not, and that the statement would be presented to the defendant judge for settlement on January 27th, at 10 o'clock a. m., at the courtroom where the judge held court. At the appointed hour counsel for the plaintiff appeared. Counsel for the defendant (relator) did not appear, nor did they on that day leave with the clerk of the court or with the judge the statement, with the amendments. Sometime in the afternoon of that day, however, one of counsel for the relator took the statement, without the amendments, to one of the clerk's deputies, and, after having him indorse upon it the date of its reception, took it away again. It was retained by counsel until the

morning of January 31st, when it was again brought to the office of the clerk, but without the amendments, either in a separate paper or incorporated in the statement as a part of it. On January 31st, upon motion of counsel for relator, the statement was set for hearing on February 7th, the plaintiff's attorney orally objecting to the setting of the hearing, or any consideration of the matter of settlement, on the ground that it was presented out of time. On February 3d, counsel for relator filed with the clerk a motion, in which they recited that they accepted all of the amendments proposed by opposing counsel, and asked that the statement be settled and ordered filed. No order was then made or entered by the court or judge upon this motion. On February 7th the hearing was continued until February 14th. On this latter date plaintiff's counsel filed his written objection to the settlement, setting forth as a ground thereof, among others, that the proposed statement, with the amendments, had not been presented to the judge for settlement, nor left with the clerk for the judge, under the requirements of the statute, and, therefore, that relator had lost its right to have the same settled. The matter of settlement was continued thereafter from time to time until March 21st, when, after a hearing, the judge made an order sustaining the plaintiff's objection, and declined to settle the statement.

The question presented, therefore, is: Did the relator, by its failure to present the statement, with the amendments, in accordance with the statute, or, in lieu thereof, by its failure to leave them with the clerk for the judge, lose its right to have the statement engrossed and settled? It is argued by counsel that, notwithstanding they had first elected to pursue the course indicated by their notice to secure the settlement, and the situation in which they found themselves on February 3d, they nevertheless had the right at that time to adopt the amendments theretofore rejected, and insist that the judge should settle the statement. In this we think counsel are in error. A motion for a new trial is a statutory remedy, and, in order to successfully invoke it, the mode pointed out by the statute must be pursued.

(*Ogle* v. *Potter,* 24 Mont. 501, 62 Pac. 920.)   If the purpose is to make the motion upon a statement of the case, the statement must be prepared and settled under the provisions of Section 1155 and Subdivisions 2 and 3 of Section 1173 of the Code of Civil Procedure.   Under these provisions, if no amendments are proposed by the adverse party, the statement may be presented to the judge for settlement within a reasonable time; if amendments are proposed and adopted, the statement may be engrossed and presented for settlement within a like reasonable time.   In neither case is notice to the adverse party necessary. If the amendments are not adopted, either of two courses may be pursued by the moving party:   The statement and amendments may be presented to the judge within ten rays after the amendments are proposed, upon five days' notice to the adverse party, or they may be delivered to the clerk for the judge.   If they are presented to the judge at the time appointed, he may proceed at once to a settlement, or he may appoint another time for that purpose.   If they are delivered to the clerk, he must at once deliver them to the judge when the judge is in the county; if the judge is absent from the county, the clerk must, upon notice in writing by any of the parties, forward them to the judge, otherwise the clerk must deliver them to the judge immediately upon his return.   Thereupon it becomes the duty of the judge to fix a time for the settlement, and to cause the parties to be notified by the clerk.   At the time so fixed, or at a time to which a postponement may be had, the judge must make the settlement.   The judge is not authorized nor required to settle a statement not presented in substantial conformity with these requirements.   The moving party is entitled to have his motion heard and disposed of upon the basis upon which he makes it (*Sweeney* v. *Great Falls & Canada Ry. Co.,* 11 Mont. 34, 27 Pac. 347), yet he cannot insist that the court shall settle the statement upon which he intends to predicate the motion, unless he has observed the requirements of the statute or such observance has been waived by the adverse party.   In this instance the relator notified the adverse party that it would present the

statement to the judge at a specified time and place. Though the adverse party appeared at that time and place, the relator did not. Its counsel did not then present the statement, with the amendments, to the judge, nor did they then or thereafter leave the statement and amendments with the clerk for the judge. If the judge was absent (and it does not appear from the record in this cause whether he was or not), the statement should have been left with the clerk for him. One or the other course should have been pursued. As the relator pursued neither, and did not notify the adverse party then and there that it would accept the amendments, it lost its right to have the statement settled at all. So far as the record shows, it never gave the adverse party notice that the amendments had been adopted, but left counsel to find out this fact from the written motion filed with the clerk. Under the circumstances, no obligation rested upon the defendant judge to settle the statement. Nor could the relator thereafter revive this right by adopting the amendments and then asking that the statement as amended be settled. But, conceding that it might have preserved its right, and, by adopting, accepted the amendments, and notifying counsel of the adverse party that it had done so, it failed to give this notice. A mere motion filed with the clerk, but not called to the attention of the adverse party, is not notice to such adverse party, unless the statute so provides. We know of no provision of the statute authorizing the notice to be given in this way.

We note that the court is made a party to this proceeding. Under the statute, it is the duty of the judge to settle statements and bills of exception, and for this purpose they must be presented to him, and not to the court as such. No point is made by counsel on either side as to whether this is proper practice. We therefore pass it without comment.

The alternative writ is quashed and set aside, and the proceeding is dismissed.

*Dismissed.*

Rehearing denied May 18, 1903.