STATE EX REL. CITY OF WALKERVILLE, RELATOR, v.
DISTRICT COURT OF THE SECOND JUDICIAL
DISTRICT ET AL., RESPONDENTS.

(No. 2,006.)

(Submitted November 25, 1903.   Decided November 30, 1903.)

*New Trial—Settlement of Statement—Writ of Mandate.*

1.  A writ of mandate to the district judge to settle a statement and bill of exceptions on motion for a new trial will not issue where the preponderance of the evidence shows that the statement and bill, with the proposed amendments, were not left with the clerk for the judge within the statutory time.
2.  A motion for a new trial, being a statutory remedy, can only be availed of in the manner, within the time, and upon the grounds provided in the statute.

APPLICATION on the relation of the city of Walkerville for writ of mandate to the district court of the Second judicial district, Silver Bow county, and E. W. Harney, a judge thereof. Denied.

*Mr. Charles O'Donnell,* and *Messrs. Nolan & Loeb,* for Relator.

*Mr. John J. McHatton,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Application for writ of *mandamus* to compel E. W. Harney, one of the judges of the Second judicial district court, to settle a statement and bill of exceptions on motion for new trial in a cause wherein Sarah A. Pryor was plaintiff and the relator herein was the defendant. A trial of the cause was had on November 11, 1902, resulting in a verdict in favor of the plaintiff for the sum of $1,500. Judgment was entered in accordance with the verdict for the amount thereof and for costs. On November 18th the defendant served upon the plaintiff and filed with the clerk of the court its notice of intention to move for a new trial. Thereupon an order was made granting the defendant additional time to that provided by law in which to prepare and serve its statement and bill of exceptions in support of its motion. Within the time so allowed, and on January 28, 1903, the defendant duly served upon the attorneys for the plaintiff its statement and bill. On January 30th the attorneys for the plaintiff served upon the attorney for defendant proposed amendments. These amendments were not adopted.

The relator alleges in the affidavit filed in support of the application that on February 9, 1903, E. W. Harney, the judge before whom the cause was tried, not then being in the county of Silver Bow, its counsel left with the clerk for the judge the proposed statement and bill, together with the proposed amendments, to be presented to the judge upon his return, for settlement in accordance with the provisions of Subdivisions 2 and 3 of Section 1173 of the Code of Civil Procedure. In his answer to the alternative writ the judge of the district court puts in issue the truth of this statement, and this presents the only controversy involved upon the hearing of this application.

If the statement and bill with the proposed amendments were left with the clerk for the judge within the time allowed in the statute, it became the duty of the judge to settle the bill and statement, and make them part of the record. If they were not presented to the clerk in conformity with the requirements of the statute, the judge was under no obligation to settle them. (*Burns* v. *Napton,* 26 Mont. 360, 68 Pac. 17.)

At the hearing witnesses were introduced on behalf of the relator and the defendant, the inquiry being as to what took place in the clerk's office on February 9th, when counsel for relator claims that he presented the statement and bill, together with the amendments, to the clerk for the judge. The preponderance of the evidence is decidedly in favor of the conclusion that counsel for the relator is mistaken in his claim that he presented the proposed amendments of the plaintiff, together with the statement and bill, to the clerk, and that the amendments were not filed with the clerk until February 21st, when they were filed by counsel for plaintiff. Under this condition of the evidence the application cannot be sustained; for, whatever may be the reason for which the judge refused to settle the statement when the hearing upon the settlement was had on February 28th, the fact that the proposed amendments were not left with the clerk in conformity with the provisions of the statute is a sufficient reason why this court should not issue the writ. A motion for a new trial is, in this state, a statutory remedy, and can only be invoked in the manner, within the time, and upon the grounds provided in the statute. The losing party must pursue the requirements of the statute, or else he cannot avail himself of the remedy. (*Ogle et al.* v. *Potter,* 24 Mont. 501, 62 Pac. 920.)

The alternative writ heretofore issued herein is set aside, and the application dismissed, at the cost of the relator.

*Dismissed.*