GIRARD, PLAINTIFF, *v.* McCLERNAN, DISTRICT JUDGE, DE-
FENDANT.

(No. 2,776.)

(Submitted October 11, 1909. Decided October 29, 1909.)

[105 Pac. 224.]

*Mandamus—Bills of Exceptions—Amendments—Delivery to
Judge—Notice—Settlement—Practice.*

> 1. Defendant prepared a bill of exceptions to be used on his motion
> for a new trial, and on July 8 served same on counsel for plaintiff,
> who, on July 17, served certain proposed amendments. These not
> having been accepted, counsel for movant, on July 24, delivered the
> proposed bill and amendments to the judge. At the time noticed for
> the settlement of the bill, July 30, opposing counsel objected to its
> settlement on the ground that the papers had not, within ten days
> after service of the amendments, been presented to the judge for
> settlement, upon five days' notice to objecting counsel. The district
> judge refused to settle the bill. *Held,* on *mandamus,* that this was
> error, inasmuch as under section 6788, Revised Codes, a party may
> within ten days after service of the amendments (1) present the bill
> with the amendments to the judge upon five days' notice to the
> adverse party, or (2) deliver them to the clerk, or (3) deliver them
> to the judge, and that defendant, having chosen to deliver them to
> the judge directly, was relieved from giving the five days' notice;
> *held,* further, that upon delivery of the papers to him it became
> the duty of the judge to settle and sign the bill immediately or at
> some future date fixed for that purpose.

ORIGINAL APPLICATION by Edward Girard for a writ of *man-
damus* to compel Honorable John B. McClernan, a judge of the
district court of Silver Bow county, to settle and sign a bill of
exceptions. Writ granted.

*Mr. J. L. Wines* filed a brief in behalf of Plaintiff, and argued
the cause orally.

There was a brief for Defendant, by *Mr. John J. McHatton*
and *Messrs. Coleman & Cohen;* oral argument by *Mr. I. A.
Cohen.*

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

During the month of May, 1909, there was tried in the district
court of Silver Bow county, and in that department over which

the Honorable John B. McClernan presides, a certain action entitled: John J. McHatton, plaintiff, v. Societé Anonyme Des Mines de Lexington, a corporation, Edouard Berthemet, Louis Girard and Charles C. Reuger, defendants; and such trial resulted in a verdict and judgment in favor of the plaintiff. Within due time the defendant Girard gave notice of his intention to move for a new trial, and that his motion would be made upon a bill of exceptions thereafter to be prepared. The trial court granted him until July 9 to prepare and serve his bill of exceptions. On July 8 a draft of such proposed bill was served upon the attorneys for McHatton, and on July 17 certain proposed amendments to the bill were presented to, and served upon, counsel for Girard. These amendments were not accepted. On July 24 counsel for Girard delivered the proposed bill and amendments to Judge McClernan, who ever since has had them. The proposed bill was noticed for settlement for July 30, at which time counsel for McHatton, being present, interposed an objection to the settlement, and the hearing was continued until August 7. On July 31 counsel for Girard gave written notice of the hearing for August 7, and on August 7 counsel for McHatton filed written objections to the notice last above mentioned. Judge McClernan being absent on August 7, no further proceedings were then taken. Sometime subsequently Judge McClernan fixed September 4 as the time for considering the settlement of the proposed bill and hearing the objections to such settlement. On September 4 the hearing was again continued until September 7, on which last-named day a hearing was had; and on the 11th of September the objection interposed by counsel for McHatton to the settlement of the proposed bill was sustained, and Judge McClernan thereafter refused to settle the bill. Counsel for Girard then applied to this court for a writ of mandate to compel Judge McClernan to settle the bill of exceptions, and in the affidavits filed in support of the petition sets forth the foregoing facts and others not necessary to be noticed now. Upon the return of the alternative writ a motion to quash was first interposed, and this be-

ing overruled *pro forma,* an answer was filed, but the answer merely sets forth the proceedings somewhat more in detail and does not raise any issue of fact. The matter was then submitted to this court for determination.

In the view we take, it is wholly immaterial that notices for the several hearings upon the settlement of the proposed bill were given by counsel for Girard, and the objections made by McHatton on August 7 to the notice given by Girard on July 31 were therefore not of any avail, and Judge McClernan must have acted upon the objection made by counsel for McHatton on July 30. Recalling, then, that the proposed bill was served on July 8, that the amendments were served on July 17, that the proposed bill and amendments were delivered to the judge by Girard on July 24, and that July 30 was the first day upon which settlement was sought, the full import of McHatton's objection to a settlement on that day becomes apparent. The objection is that the proposed bill and amendments were not, within ten days after the amendments were served, presented by Girard to the judge for settlement upon five days' notice to McHatton. This objection was sustained, and evidently upon the authority of *Burns* v. *Napton,* 26 Mont. 360, 68 Pac. 17.

*Burns* v. *Napton* was an original proceeding in this court, by Burns to compel Judge Napton to settle a bill of exceptions in the case of *Burns* v. *Kelly,* in which latter case Kelly had prevailed. On June 3 Burns had prepared and served a proposed bill of exceptions, and on June 4 had delivered it to the clerk of the court. On June 11, Kelly proposed and served amendments, which were not accepted. On June 25 Burns gave notice that the proposed bill and amendments would be presented for settlement on July 1. It did not appear that Burns, the moving party, ever delivered or presented the amendments to the court, judge or clerk, and in disposing of the matter this court said: "In the case at bar the plaintiff neither presented the proposed bill and amendments to the judge (on notice or without notice) nor delivered them to the clerk within ten days after June 11, which was the day on which the amendments were

served"; and relief was denied to Burns. The court further observed: "We remark, in passing, that if the delivery of the proposed statement on June 4 had been followed by a delivery of the proposed amendments within ten days succeeding the service of them, with the avowed intention on the part of the plaintiff to leave both the statement and amendments for the judge, the statute might have been satisfied in the respect mentioned; the delivery of the amendments to the clerk for the judge would doubtless be tantamount to a new delivery of the statement." But the court fell into error in pronouncing an *obiter dictum,* as follows: "If, however, the amendments are not agreed to, the party seeking settlement must, unless the time be enlarged or sufficient excuse for delay be shown, do one of two things within ten days after the service of the proposed amendments: First, he must present the proposed bill and amendments—not one, but both—to the judge upon five days' notice to the adverse party; or, secondly, he must deliver the proposed bill and amendments—not one, but both—to the clerk of the court for the judge. Such is the plain language and meaning of section 1155, *supra.*" Section 1155, Code of Civil Procedure of 1895, now section 6788, Revised Codes, does not contain the language attributed to it by the learned justice who wrote the opinion. The section does provide: "The proposed bill and amendments must, within ten days thereafter, be presented by the party seeking the settlement of the bill, to the judge who tried or heard the case, upon five days' notice to the adverse party, or be delivered to the clerk of the court, *or* judge." The opinion in *Burns* v. *Napton* would lead one to suppose that the language is, "or be delivered to the clerk of the court *for* the judge"; but that is not correct. The language is, "or be delivered to the clerk of the court, *or* judge." The word "or" is not a misprint. It is contained in the enrolled bill of the Act on file in the office of the Secretary of State; and that it was used advisedly, or at least intentionally, a history of the statutes relating to the settlement of bills of exceptions seems clearly to indicate.

Section 281, First Division, Revised Statutes of 1879, provides: "The point of the exception shall be particularly stated, except as provided in relation to instructions, and may be delivered in writing to the judge, or if the party require it, it shall be written down by the clerk. * * * When not delivered in writing, or written down as above, it may be entered in the judge's minutes, and afterward settled in a statement of the case as provided in this Act. * * * " This section related to the allowance of exceptions taken during the course of a trial; but it likewise governed in the settlement of a bill of exceptions in support of a motion for a new trial, as shown by subdivision 2 of section 287. The settlement of a statement of the case was governed by subdivision 3 of section 287; and it was in this latter subdivision that the clause "or delivered to the clerk of the court for the judge" is to be found. But that subdivision related to the settlement of a statement of the case, as distinguished from a bill of exceptions. These same provisions remained in force and were carried into the Compiled Statutes of 1887, as sections 291 and 298, respectively, of the First Division. There was also added a provision contained in section 294; and these provisions continued in force and are brought into the Code of Civil Procedure of 1895. Under the Revised Statutes of 1879, there does not appear to have been any direct provision for the settlement of a bill of exceptions, but the practice prevailed of having such bill settled immediately. To a certain extent this apparent oversight was corrected in the Compiled Statutes of 1887, by the addition of the provision found in section 294, referred to above; but with this added provision the proposed bill could still be delivered *to the judge.*

In the Code of Civil Procedure of 1895, the subject "exceptions" is treated in sections 1150-1158, inclusive, and in subdivision 2 of section 1173. Section 1155 provides: "When a party desires to have exceptions taken at a trial settled in a bill of exceptions, he may * * * prepare a draft of a bill, and serve the same, or a copy thereof, upon the adverse party. * * * Within ten days after such service the adverse party

may propose amendments thereto and serve the same, or a copy thereof, upon the other party. The proposed bill and amendments must, within ten days thereafter, be presented by the party seeking the settlement of the bill, to the judge who tried or heard the case, upon five days' notice to the adverse party, or be delivered to the clerk of the court, or judge." A provision for the settlement of a statement of the case, similar to the provision contained in subdivision 3 of section 287, Revised Statutes of 1879, and subdivision 3 of section 298, Compiled Statutes of 1887, is found in subdivision 3 of section 1173, where the same clause, "or be delivered to the clerk of the court for the judge," is found; but in the same connection, viz., with reference to the settlement of a statement of the case, as distinguished from a bill of exceptions. By an Act of the tenth legislative assembly (Laws 1907, p. 89), section 1173 was so far amended as to eliminate subdivision 3 altogether, and such amendment likewise eliminated from the Code of Civil Procedure the clause "or be delivered to the clerk of the court for the judge"; but the section as thus amended still retained the provision of subdivision 2 above. Sections 1155 and 1173, as thus amended, are carried into the Revised Codes of 1907 as sections 6788 and 6796, respectively. And thus the law stood at the time this controversy arose.

It is conceded in the brief of counsel, and is perfectly apparent from the papers before us, that counsel for Girard proceeded under section 6788, Revised Codes (sec. 1155, Code Civ. Proc., 1895), and under the provisions of that section he could fully comply with the law if, within ten days after the amendments were served, he either (1) presented the proposed bill and amendments to the judge, upon five days' notice to the adverse party, or (2) delivered them to the clerk, or (3) delivered them to the judge. He chose the third alternative, but was fully within the law.

The provision of the law authorizing the moving party to *present* the proposed bill and amendments to the judge first appears in the Code of Civil Procedure of 1895, and under that

provision the moving party assumes the burden, not only of moving in time, but of giving his adversary the required notice. The district judge has not any cognizance of the matter until the time for the settlement arrives; but the moving party is not limited to this remedy. He may choose the third alternative and deliver the bill with the proposed amendments to the judge directly, as was the practice in the early days of the territory; or he may deliver the proposed bill and amendments to the clerk. If the moving party pursues either the second or third remedy above, he is relieved from further responsibility. It is true that there is no procedure provided for the settlement of the bill when the proposed bill and amendments are delivered to the judge himself; neither was there in the Revised Statutes of 1879, or in the Compiled Statutes of 1887; but no difficulty whatever was experienced on that account. We think the statute clearly implies that the judge shall settle immediately or fix a subsequent date for settlement.

In the present instance, then, the proposed bill and amendments having been delivered to the judge within the time limited by statute, it became the duty of the judge to settle and sign the bill at that time or at such future time as he might designate; and having thereafter designated September 4, and then continued the hearing until September 7, he should then have settled the bill by making it conform to the truth, and should then have signed and allowed the same. In so far as the decision in *Burns* v. *Napton* is contrary to the views herein expressed, that decision is modified.

It is ordered that a peremptory writ of mandate issue, directing Judge McClernan to settle the proposed bill of exceptions and to sign and allow the same.

*Writ issued.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.