## AMACHER ET AL. *v.* JOHNSON.

[No. 21,539. Filed May 24, 1910.]

1. APPEAL.—*Assignments of Errors.—Joint or Several.—Complaint. —Independent Assignments.*—Where appellants made an independent assignment that plaintiff's complaint failed to state sufficient facts, it is immaterial whether their separate demurrer to the complaint was followed by a joint ruling, and error assigned thereon. p. 250.

2. NEW TRIAL.—*Statutory Causes.*—A new trial under §589 Burns 1908, §563 R. S. 1881, providing for the filing of a complaint for a new trial for causes discovered after the term at which the verdict or decision was rendered, cannot be granted for any cause not enumerated in the statute (§585 Burns 1908, §559 R. S. 1881) specifying the causes for which a new trial may be granted. p. 250.

3. NEW TRIAL.—*Causes Discovered after Term.—Failure of Shorthand Reporter to Furnish Evidence.*—The failure of the official shorthand reporter to furnish the evidence for an appeal does not constitute a cause for a new trial, since such failure was not a matter occurring at the trial. p. 252.

4. NEW TRIAL.—*Basis of Right.—Appeal.—Constitutional Law.*—The right to a new trial, as well as the right of appeal, is purely statutory, the Constitution containing no provision therefor. p. 253.

5. DRAINS.—*Relief from Judgments in Cases of.*—Section 405 Burns 1908, §396 R. S. 1881, providing for the setting aside of judgments because of mistake, inadvertence, surprise, or excusable neglect, does not apply to drainage proceedings. p. 254.

From Allen Circuit Court; *E. O'Rourke*, Judge.

Action by Roswell O. Johnson against Christian Amacher and others. From a judgment for plaintiff, defendants appeal. *Reversed.*

*L. C. DeVoss* and *C. J. Lutz,* for appellants.

*Hooper & Lenhart, Heller & Son* and *John C. Moran,* for appellee.

MONKS, C. J.—Appellee brought this action under §589 Burns 1908, §563 R. S. 1881, by filing a complaint for a new trial in the Adams Circuit Court, assigning causes for a new trial discovered after the term at which the verdict was returned and judgment rendered thereon in favor of appellants. Appellants' demurrer for want of facts to the complaint was overruled by the court. The venue of the cause was changed to the court below, where a trial resulted in a finding in favor of appellee, and, over a motion by appellants for a new trial, judgment against them granting appellee a new trial of said cause was rendered.

Appellants, by the assignment - of errors, challenge the sufficiency of the complaint for want of facts and call in question the action of the court in overruling their demurrer to the complaint.

Appellee insists that no question is presented as to the sufficiency of the complaint, because ''appellants demurred separately to the complaint, and the assignment of 1. errors, calling in question the action of the court in overruling said demurrer, is joint.'' *Louisville, etc., R. Co.* v. *Smoot* (1893), 135 Ind. 220. It is not necessary to determine whether said demurrer is the joint or several demurrer of appellants, for the reason that the sufficiency of the complaint is challenged by an independent assignment of errors in this court that ''the complaint does not state facts sufficient to constitute a cause of action.''

It appears from the complaint that appellants brought a proceeding before the board of commissioners of Adams county on April 16, 1904, to establish a public 2. ditch; that such proceedings were had that said ditch was established by said board of commissioners; that appellee, Johnson, who was a defendant in

said proceeding, appealed said cause to the Adams Circuit Court, where a trial of said cause resulted in a finding in favor of the petitioners for said ditch, and over a motion for a new trial by Johnson a judgment establishing said ditch was rendered; that the court gave appellee time within which to prepare and file a bill of exceptions; that "the evidence given in said cause was taken down by a shorthand reporter appointed by the court, but, on account of his incompetency either to take down said evidence or to copy it after it was taken, he was unable to furnish a copy of the evidence given at the trial, and thereby prevented appellee from taking the evidence to the Supreme Court on appeal;" that "said inability of the reporter and that he was unable to furnish a copy of the evidence were not known or discovered by appellee until after the term at which the verdict in said cause was rendered." Many objections are urged against the sufficiency of the complaint, but the controlling question is whether the failure of the shorthand reporter to furnish a copy of the evidence, on account of his inability to take the evidence or copy it after it was taken, is a cause for a new trial under our statute.

The statute providing for granting new trials is as follows: "A new trial may be granted in the following cases: First. Irregularity in the proceedings of the court, jury, or prevailing party, or any order of court, or abuse of discretion, by which the party was prevented from having a fair trial. Second. Misconduct of the jury or prevailing party. Third. Accident or surprise, which ordinary prudence could not have guarded against. Fourth. Excessive damages. Fifth. Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract or for the injury or detention of property. Sixth. That the verdict or decision is not sustained by sufficient evidence, or is contrary to law. Seventh. Newly discovered evidence, material for the party applying, which

he could not, with reasonable diligence, have discovered and produced at the trial. Eighth. Error of law occurring at the trial and excepted to by the party making the application. And the court, in granting new trials, may allow the same at the costs of the party applying therefor, or on the costs abiding the event of the suit, or a portion of the costs, as the justice and equity of the case may require, taking into consideration the causes which may make such new trial necessary.'' §585 Burns 1908, §559 R. S. 1881.

Section 589 Burns 1908, §563 R. S. 1881, under which this proceeding was brought, reads as follows: ''Where causes for new trial are discovered after the term at which the verdict or decision was rendered, the application may be made by a complaint filed with the clerk, not later than the second term after the discovery, on which a summons shall issue, as on other complaints, requiring the adverse party to appear and answer. The application shall stand for hearing at the term to which the summons is returned executed, and shall be summarily decided by the court upon the evidence produced by the parties. But no such application shall be made more than one year after the final judgment was rendered.''

It is evident that a new trial cannot be granted under §589, *supra,* for causes discovered after term, unless they are specified as causes for a new trial in §585, 3.    *supra.* It is clear from a careful reading of the several clauses of §585, *supra,* which specify the causes for a new trial, that they have reference to matters occurring before or during the trial of the cause. It certainly cannot be said that the causes for a new trial specified in §585, *supra,* are broad enough to include the failure of the shorthand reporter to furnish a copy of the evidence, whether on account of inability or any other cause. Neither can it be said that the failure of the shorthand reporter to furnish a copy of the evidence given in the drainage case in any way prevented a fair and impartial trial of said

cause. We need not stop to consider what authority the trial court possessed in said ditch proceeding to settle the bill of exceptions containing the evidence from the best sources at hand, as by hearing evidence, recalling the witnesses or otherwise, for the reason that no effort was made so to proceed; but appellee rested upon the contention that the inability of the shorthand reporter to furnish a transcript of the evidence was sufficient reason for granting a new trial.

We conclude, therefore, that the failure of the reporter, from inability or other cause, to furnish a transcript of the evidence was not a ground for a new trial under §§585, 589, *supra; Butts* v. *Anderson* (1907), 19 Okla. 367, 91 Pac. 906; *Peterson* v. *Lundquist* (1908), 106 Minn. 339, 119 N. W. 50; *Dumbarton Realty Co.* v. *Erickson* (1909), 143 Iowa 677, 120 N. W. 1025 and cases cited; *Morin* v. *Claflin* (1905), 100 Me. 271, 61 Atl. 782; *Lidgerwood Mfg. Co.* v. *Rogers* (1889), 56 N. Y. Sup. Ct. 350, 4 N. Y. Supp. 716. See, also, *Collins* v. *State* (1903), 66 Kan. 201, 71 Pac. 251, 97 Am. St. 361, 60 L. R. A. 572; *Etchells* v. *Wainright* (1904), 76 Conn. 534, 57 Atl. 121; *Johnson* v. *Smith* (1904), 78 Vt. 145, 62 Atl. 9., 2 L. R. A. (N. S.) 1000; *Ogle* v. *Potter* (1900), 24 Mont. 501, 62 Pac. 920.

The Constitution of the State does not grant to any one the right either to a new trial or to an appeal to this court or any other court. Such a right depends upon the 4. provisions of the statutes, and a new trial can be granted or an appeal taken only when authorized by statute, and then only in the manner, upon the conditions, and for the reasons named in the statute. Elliott, App. Proc. §§75-77; *Lake Erie, etc., R. Co.* v. *Watkins* (1902), 157 Ind. 600, and cases cited; *Hughes* v. *Parker* (1897), 148 Ind. 692, 695, and cases cited; *Evansville, etc., R. Co.* v. *City of Terre Haute* (1903), 161 Ind. 26, 35, 36, and cases cited; *Brown* v. *Brown* (1907), 168 Ind. 654, 655; *State* v. *Rockwood* (1902), 159 Ind. 94, 95, and cases

cited; *Kepler* v. *Rinehart* (1904), 162 Ind. 504, and cases cited; *Randolph* v. *City of Indianapolis* (1909), 172 Ind. 510; *Smith* v. *Long* (1909), 43 Ind. App. 668. See, also, *Porter* v. *Industrial Printing Co.* (1901), 26 Mont. 170, 183, 66 Pac. 839, 67 Pac. 67; *State, ex rel.,* v. *District Court, etc.* (1903), 28 Mont. 123, 125, 126, 72 Pac. 412; *Wright* v. *Mathews* (1903), 28 Mont. 442, 444, 72 Pac. 820; *State, ex rel.,* v. *District Court, etc.* (1903), 29 Mont. 176, 178, 74 Pac. 414; *Vreeland* v. *Edens* (1907), 35 Mont. 413, 421, 89 Pac. 735; *Harrington* v. *Butte, etc., R. Co.* (1908), 36 Mont. 478, 483, 93 Pac. 640; *Saylor* v. *Duel* (1908), 236 Ill. 429, 86 N. E. 119, 19 L. R. A. (N. S.) 337 and note.

While it has been decided by this court that §405 Burns 1908, §396 R. S. 1881, empowers courts in civil cases to allow parties to file pleadings after the time limited therefor, to relieve parties from judgments taken against them through their mistake, inadvertence, surprise or excusable neglect, and to supply omissions in proceedings on motion or complaint, it has no application to ditch proceedings (*Hays* v. *Tippy* [1883], 91 Ind. 102; *Shaum* v. *Harrington* [1910], 173 Ind. 610), and the conclusion we have reached in this case renders it unnecessary for us to determine whether §589, *supra,* under which this proceeding for a new trial was brought, applies to ditch proceedings. It follows from what we have said and the authorities cited that the complaint for a new trial did not state facts sufficient to constitute a cause of action.

The judgment of the court below is therefore reversed, with instructions to hold said complaint for a new trial insufficient and for further proceedings not inconsistent with this opinion.