FREEMAN, RESPONDENT, *v.* WEARE ET AL., 'APPELLANTS.

(No. 2,918.)

(Submitted December 22, 1910. Decided January 16, 1911.)

[113 Pac. 466.]

*Bills of Exceptions—Settlement—Noncompliance With Statute—Curing Defect—New Trial—Record.*

Bill of Exceptions—Settlement—Noncompliance With Statute—Effect.
  1. Where a party proceeded to settlement of his bill of exceptions under the first mode provided by section 6788, Revised Codes, *viz.:* by presenting it, with amendments (which were objected to), to the judge, but not within ten days after service of the amendments nor upon five days' notice to the adverse party, the bill must be disregarded.

Same—Curing Defect—What Unavailable.
  2. The defect resulting from the failure of appellant to present his proposed bill of exceptions and amendments within ten days after the service of the amendments and on five days' notice to the adverse party, was not cured by withdrawal of his objections to the amendments, after the lapse of the ten days and on the day designated in the notice of settlement.

New Trial Motion—Record—Statute—Substantial Compliance.
  3. A motion for new trial is statutory, and to be effective, the record made in support of it must be formulated in substantial compliance with the statute.

Appeal from District Court, Sanders County; Henry L. Myers, Judge.

ACTION by James Freeman against Clifford R. Weare and another. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

In behalf of Appellants, there was a brief by *Messrs. Marshall & Stiff,* and *Mr. H. C. Schultz,* and oral argument by *Mr. H. C. Stiff.*

*Mr. A. S. Ainsworth* submitted a brief in behalf of Respondent, and argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action for damages for malicious prosecution. The plaintiff had verdict and judgment. The defendants have appealed from

the judgment and an order denying their motion for a new trial.

The course pursued by the defendants to have their bill of exceptions in support of their motion for a new trial settled appears from the following statement: On February 9, 1910, and within the time allowed by the court, after service of the notice of intention, counsel for appellants served a draft of their proposed bill upon counsel for respondent. On February 17, counsel for respondent returned it with proposed amendments to the attorneys for appellants, who duly acknowledged receipt on that day. The amendments were not allowed. On February 28 (the previous day being Sunday) counsel for appellants served notice upon counsel for respondent that they would present their bill, together with the proposed amendments, to the trial judge for settlement on March 5. On March 1 counsel for respondent served upon counsel for appellants his objections to the settlement of the bill, and on March 5 submitted them to the judge. On March 5 counsel for appellants withdrew the objections theretofore made to the proposed amendments, and submitted the bill and amendments for settlement. On April 4 the judge settled the bill, after incorporating in it the amendments, together with the objections to the settlement. One of the objections was that the bill was not presented to the judge for settlement within the time prescribed by the statute. At the hearing the question of practice involved was argued by counsel, upon an objection by the respondent to a consideration of the bill as a part of the record.

Section 6788 of the Revised Codes prescribes the procedure to be observed in formulating and having settled a bill of exceptions after the entry of judgment if the case was tried by a jury, or after notice of the entry of judgment in other cases. It provides: "Within ten days after such service [of the draft of the bill] the adverse party may propose amendments thereto and serve the same, or a copy thereof, upon the other party. The proposed bill and amendments must, within ten days thereafter, be presented by the party seeking the settlement of the

bill, to the judge who tried or heard the case, upon five days' notice to the adverse party, or be delivered to the clerk of the court, or judge. When received by the clerk he must immediately deliver them to the judge, if he be in the county; if he be absent from the county and either party desire the papers to be forwarded to the judge, the clerk must, upon notice in writing of such parties, immediately forward them by mail, or other safe channel; if not thus forwarded, the clerk must deliver them to the judge immediately after his return to the county. When received from the clerk, the judge must designate the time at which he will settle the bill, and the clerk must immediately notify the parties of such designation. At the time designated the judge must settle the bill. * * * If no amendments are served, or if served are allowed, the proposed bill may be presented, with the amendments, if any, to the judge * * * for settlement without notice to the adverse party * * * ''

As pointed out in *Girard* v. *McClernan*, 39 Mont. 523, 105 Pac. 224, the statute may be complied with in three ways: (1) The proposed bill with the amendments may be presented to the judge within ten days upon five days' notice to the adverse party; or (2) they may be delivered to the clerk to be by him delivered or transmitted to the judge; or (3) they may be delivered to the judge. In this case counsel for defendants elected to pursue the first course, but overlooked the express and plain provision of the statute that the presentation must be made within the ten days after the service of the amendments and upon five days' notice to the adverse party. Hence the bill must be disregarded. (*Burns* v. *Napton*, 26 Mont. 360, 68 Pac. 17; *State ex rel. Stromberg-Mullins Co.* v. *District Court*, 28 Mont. 123, 72 Pac. 412; *Girard* v. *McClernan, supra;* see also, *Van Why* v. *Southern Pacific Co.*, 31 Utah, 15, 86 Pac. 485, and cases cited.)

The defect resulting from the failure to pursue the course adopted was not, and could not be, cured by withdrawing the objections to the amendments after the lapse of the ten days and

on the day designated in the notice of settlement. A motion for a new trial is statutory. To be effective, the record made in support of it must be formulated under the provisions of the statute. (*State ex rel. Stromberg-Mullins Co.* v. *District Court, supra.*) When the moving party has lost his standing by failing to pursue the method selected, as here, he cannot restore it by claiming that he has substantially pursued either of the other prescribed methods. Even so, counsel failed to deliver the bill to the judge within the ten days.

The assignments of error in the brief of appellants present no other questions than such as must be shown by a bill of exceptions. There is therefore nothing before this court for review, and hence the judgment and order must be affirmed.

*Affirmed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.