MONTANA BEER RETAILERS PROTECTIVE ASSOCIA-
TION ET AL., PLAINTIFFS, v. STATE BOARD OF EQUAL-
IZATION ET AL., DEFENDANTS.

(No. 7,167.)

(Submitted July 8, 1933. Decided July 12, 1933.)

[25 Pac. (2d) 128.]

*Mr. E. G. Toomey* and *Mr. Carl McFarland,* for Plaintiffs, submitted a brief and argued the cause orally.

*Mr. Raymond T. Nagle,* Attorney General, and *Mr. C. J. Dousman,* Assistant Attorney General, for Defendants, submitted a brief; *Mr. Dousman* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This is an original proceeding brought by the Montana Beer Retailers Protective Association and certain retail beer licensees against the State Board of Equalization, its members, certain other administrative and executive officers of the state, and certain wholesale beer licensees of the state of Montana, seeking an injunction against the defendants.

It is sought to enjoin the defendant board and other state officers from construing Chapter 106 of the Laws of 1933, so that the holders of wholesale beer licenses under that Act may sell beer to the public in small quantities. As to the wholesale beer licensees who are defendants, an injunction is prayed prohibiting them from selling beer to the public in small quantities.

The complaint prays for alternative relief in the event that the construction of the Act as now determined by the executive and administrative officers of the state is upheld. Certain provisions of the Act are urged as being unreasonable discriminations as against the plaintiffs and therefore void.

It appears from the complaint that the individual plaintiffs are the holders of retail beer licenses under the Act. The defendant state officials are charged with the administration of the Act and the other defendants are the holders of wholesale beer licenses thereunder. It further appears by appropriate allegations that the defendant officers in charge of the administration of the Act have construed the provisions thereof to the effect that the holders of wholesale licenses may sell beer to the public in quantities as small as one bottle. Under the provisions of the Act the number of wholesale beer licenses which may be issued in any one city, town or community is unlimited, whereas the number of retail licenses which may be issued in like circumstances is limited, dependent upon population.

The defendants have appeared by demurrer challenging the sufficiency of the complaint for substance.

Under the terms of the Act a wholesaler pays the sum of $150 per annum for a state beer license. The retailer contributes the sum of $300 per annum for such a license. Subdivision 1 of section 2 defines a retailer as follows: " 'Retailer' means any person engaged in the sale and distribution of beer, either on draught or in bottles, to the public to be served and consumed on the premises of such retailer, or in the sale and distribution of beer in original packages to the public with intent that such packages shall be taken away from the premises of such retailer in unbroken packages for consumption off the premises of such retailer."

Subdivision "n" of section 2 defines a wholesaler as follows: " 'Wholesaler' means any person having a store or establishment for the sale and distribution of beer in wholesaling or jobbing quantities, or for the sale and distribution of beer in original packages to the public with intent that such packages shall be delivered or taken away from the premises of such wholesaler in unbroken packages for consumption off the premises of such wholesaler."

Under the statutory definition, supra, the "retailer" is accorded the privilege of selling beer for consumption upon the premises. He alone, as distinguished from the "wholesaler," is permitted to sell draught beer. Both the wholesaler and retailer are permitted to engage in the "sale and distribution of beer in original packages to the public with intent that such packages shall be delivered or taken away from the premises."

Subdivision "h" of section 2 defines "package" as follows: " 'Package' means any container or containers or receptacle or receptacles used for holding beer."

Plaintiffs contend that the sale of beer by the bottle or other small quantity to the public by a wholesaler is not within the contemplation of the Act. This argument is based largely upon the definition of "wholesaler" found in dictionaries and judicial decisions. True, the usual definition of the term "wholesaler" would not include, as applied to the sale and

distribution of beer, its disposal in small and insignificant quantities. The legislature, however, has adopted its own definition of the terms "wholesaler" and "retailer." These terms as used are not descriptive of a status or condition, but are arbitrary names applied to a certain status or condition.

It is the duty of this court to construe the law as it finds it. (*State ex rel. Thelen* v. *District Court*, 51 Mont. 337, 152 Pac. 475; *Great Northern Utilities Co.* v. *Public Service Commission*, 88 Mont. 180, 293 Pac. 294.) In construing a statute ordinarily the words employed must be given their usual meaning, unless it is made apparent from the context of the subject that a different one was intended. (*Scheffer* v. *Chicago etc. Ry. Co.*, 53 Mont. 302, 163 Pac. 565; *Great Northern Utilities Co.* v. *Public Service Commission*, supra.) Here it is manifest from the context of the Act under consideration that the above terms were not used in their usual and ordinary sense and, therefore, this court in construing the statute is bound to follow the legislative definitions contained in the Act, even though they are contrary to the usual and ordinary meaning of the words.

It is urged that one bottle of beer is not an "original package" within the meaning of the Act. Again we find that the term "package," under the legislative definition thereof, is given a distinctive and peculiar meaning, and since a bottle containing beer is a "container" or "receptacle" used for its holding, if the bottle is filled and sealed at the brewery, it is the original package within the meaning of the Act, and a wholesaler in accordance with statutory definition is entitled to sell or dispose of beer to the public in such bottle.

Plaintiffs contend that, in view of the foregoing construction, the Act is discriminatory as against the retailer and in favor of the wholesaler. As already noted, under the statutory definitions of wholesaler and retailer, the latter is accorded the privilege of selling draught beer and may permit the consumption of beer upon his premises and within his

place of business. These privileges are denied to the wholesaler.

It is urged that the Act is a revenue measure—the taxation of a lawful business—and that as a result the plaintiffs are entitled to raise the question of discrimination, and that by reason of the alleged discrimination they are denied the equal protection of the law under the Fourteenth Amendment to the federal Constitution.

It is first to be noted that the number of wholesale licenses being unlimited, if plaintiffs are of the opinion that the holder of a wholesale license—for one-half of the retail license—is accorded the same privileges as are enjoyed by the retailer, then the retailer may secure a wholesale license and no discrimination would result. There is no suggestion that plaintiffs could not secure a wholesale license if they desired.

However, classification for purposes of taxation under the state and federal Constitutions is permissible. (*Hilger* v. *Moore*, 56 Mont. 146, 182 Pac. 477.) This court in the case of *Bank of Miles City* v. *Custer County,* 93 Mont. 291, 19 Pac. (2d) 885, in speaking of classification for purposes of taxation, said: ''Discrimination merely is not inhibited, for it is recognized that there are discriminations which the best interests of society require. (*Heisler* v. *Thomas Colliery Co.,* 260 U. S. 245, 255, 43 Sup. Ct. 83, 67 L. Ed. 237.) A classification is not open to objection unless it precludes the assumption that the classification was made in the exercise of legislative judgment and discretion. (*Stebbins* v. *Riley,* supra [268 U. S. 137, 45 Sup. Ct. 424, 69 L. Ed. 884, 44 A. L. R. 1454]). Any classification is permissible which has a reasonable relation to some permitted end of government action. (*Heisler* v. *Thomas Colliery Co.,* supra; *Watson* v. *State Comptroller,* supra [254 U. S. 122, 125, 41 Sup. Ct. 43, 65 L. Ed. 170]). * * * It makes no difference that the facts on which the classification is based may be disputed or their effect opposed by argument and opinions of serious strength. It is not within the province of the courts to arbitrate any such contrariety. (*Rast* v. *Van*

*Deman & Lewis Co.*, 240 U. S. 342, 357, 36 Sup. Ct. 370, 60 L. Ed. 679, Ann. Cas. 1917B, 455, L. R. A. 1917A, 421; *Heisler* v. *Thomas Colliery Co.*, supra.)''

A classification between wholesalers and retailers wherein a tax was levied upon the retailer and none upon the wholesaler has been upheld as not being violative of the Fourteenth Amendment. (*Cook* v. *Marshall County*, 196 U. S. 261, 25 Sup. Ct. 233, 49 L. Ed. 471.)

The Act as construed is not vulnerable to the attacks here made upon it.

The defendants' demurrer is sustained and the complaint of the plaintiffs is dismissed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN, MATTHEWS and STEWART concur.

Rehearing denied September 28, 1933.